MARY A. BRICK, as Administratrix, etc., Respondent, *v.* THE ROCHESTER, NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Appellant.

B., plaintiff's intestate, was one of a number of laborers in defendant's employ, engaged in repairing a track, the use of which had been partially abandoned, and which had fallen into decay.  A construction train, upon which B. was riding, ran off the track at a crossing and he was killed. Rain had fallen the night before, and the space along-side the rails for the flanges of the wheels to run in had become filled up with mud, which had frozen and so caused the accident.   T. was defendant's general foreman, having charge of the work of reconstruction and repairs.  He had charge of the train at the time of the accident.  It was his duty to see that the crossings were properly cleaned and kept in safe condition.   He attempted to perform this duty, but failed to do it properly.   In an action to recover damages for alleged negligence causing the death, *held*, that the negligence causing the injury was that of a co-employe ; and that defendant was not liable ; also that the fact that the duty was imposed upon B. of reconstructing the entire road did not alter his relation as co-employe here. While the rule is generally applicable, that when it is the duty of the employe of a railroad corporation in the course of his work to ride over the road of the corporation, it is its duty to provide a track suitable and sufficient for the purpose and to maintain it in good order, it must be considered with some qualification when the road has become dilapidated and out of repairs and is in the process of reconstruction, in which work the employe is engaged.

(Argued January 23, 1885 ; decided February 10, 1885.)

APPEAL. from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order made at the October term, 1883, which denied a motion for a new trial and directed judgment on a verdict.

This was an action to recover damages for alleged negligence causing the death of plaintiff's intestate, who was a laborer in defendant's employ. While riding upon a construction train it was thrown from the track and said intestate was killed.

The material facts are stated in the opinion.

*Sherman S. Rogers* for appellant. Though Thompson, in some respects, might be regarded as representing the master, if, in fact and in law, his duties in the matter of cleaning the track and of operating the train were, in their nature, the duties of a servant and not the duties of the master, his negligence in their discharge is the negligence of a fellow-servant simply, and for it the master is not liable. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *McCosker* v. *Long Island R. R. Co.*, 84 id. 77.) The obstruction upon this crossing did not constitute a defect in the track, but was merely a temporary hindrance to its use in safety, and defendant was simply bound to furnish a sufficient and competent servant whose duty it should be to look after such obstructions on the track; but for the proper discharge of this duty by the servant, the master is not liable. (*Priestly* v. *Fowler*, 1 Mees. & Welsb. 1, 5.)

*F. C. Peck* for respondent. When the relation of master and servant exists, it is the master's duty to provide his servants who conduct his business with proper implements and machinery, and to exercise such care and attention in their selection and in keeping them in a safe and proper condition proportioned to the degree of risk involved by his failure to do so, which a prudent person under like circumstances would exercise. (*Kain* v. *Smith*, 89 N. Y. 375; *Lansing* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 521; *Kirkpatrick* v. *Same*, 79 id. 240; *Kain* v. *Smith*, 80 id. 458; *Fuller* v. *Jewett*, id. 46;

*Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206 ; *Corcoran* v. *Holbrook*, 59 id. 517 ; *Ryan* v. *Fowler*, 24 id. 410 ; *Painton* v. *N. C. R. R. Co.*, 83 id. 7 ; *Hawley* v. *Same*, 82 id. 370 ; *Mehan* v. *R. R. Co.*, 73 id. 584 ; *King* v. *N. Y. C. R. R. Co.*, 4 Hun, 769 ; 16 Week. Dig. 483 ; Whart. on Neg., § 232 ; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549 ; *Lanning* v. *R. R. Co.*, 49 id. 521 ; *Durkin* v. *Sharp*, 88 id. 225 ; *Davis* v. *Cen. V. R. R. Co.*, 27 Alb. L. J. 106 ; *Trask* v. *Cal. Cen. R. R. Co.*, 16 Cent. L. J. 218, sub. 14.)   Plaintiff's intestate came to his death by an accident resulting from the defendant's failure to perform a duty it owed him and upon the performance of which he had a right to rely.   (*Connolly* v. *Poillon*, 41 Barb. 366; *S. C.* affirmed, 41 N. Y. 619.)   The presumption that the servant contracted with a view to peril cannot arise where the risk is not within the contract, and the servant had no reason to believe he would have to encounter it. (Abbott's Trial Evidence, 592, § 28; Wharton on Negligence, 211.)   It was not negligence *per se* to ride on an open flat car.   (*Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 63.)   It is not necessary for the plaintiff to show that the co-employes of the deceased were negligent.   If the defendant's negligence contributed to the accident, it is immaterial whether its employes were also negligent.   (*Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38 ; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206 ; Wharton on Negligence, § 210.)   It was the defendant's duty to keep the crossing in repair, and the deceased had a right to rely upon its discharge.   (*Rose* v. *B. & A. R. R. Co.*, 58 N. Y. 217 ; *Noakes* v. *People*, 25 id. 380 ; *People* v. *Rynders*, 13 Wend. 425.)   In providing a safe road-bed, and in properly inspecting it, Thompson acted instead of the defendant and as master.   In directing the movement of the train, he may have acted as a co-employe of the deceased.   If, while acting in the former capacity, he was negligent, and such negligence contributed to the accident, the deceased not having been negligent, his principal cannot relieve itself from responsibility by showing that his negligence as a co-employe was also operative in inducing the fatal catastrophe.   (*Crispin* v. *Babbitt*, 81 N.

Y. 516; *Booth* v. *B. & A. R. R. Co., supra; Cone* v. *D., L. & W. R. R. Co., supra; S. C.,* 15 Hun, 172; *C. & St. P. Ry. Co.* v. *Ross,* U. S. Circuit Ct., 31 Alb. L. J., 8, 13.)

MILLER, J.   At the time the intestate lost his life the railroad, over which he was passing on a construction train, and upon which he had been employed, had been allowed to fall into decay and was then in the process of reconstruction for the purpose of being used.   He was one of a number of laborers who were repairing the track, and he had been passing over it and was familiar with it.   He, therefore, took all the risks incident to the dilapidated condition in which the track then was, or which the law imposed in such cases.   As an employe engaged with others in the reconstruction of the road, the company would not be liable for any injury caused by the acts of his fellow-servants.

The train ran off the track at a crossing, and the accident was attributable to the fact that rain had fallen the previous night, which had caused the mud from passing wagon wheels to fall and fill up the space along-side of the rails in which the flanges of the wheels ought to run, and this mud being frozen solid prevented the cars from passing along on the track.   Had the frozen mud been cleared away from the rails there is no dispute but that it would have been entirely safe to run the cars on the track over the crossing.   One Thompson at the time was general foreman in the business of reconstructing and repairing the company's track and had the direction of the movements of its trains, and it was his duty to see that the crossings were properly cleaned and kept in a safe condition for the passage of trains.   He had charge of the train in question at the time of the accident, and attempted to perform this service, which was imperfectly done, as the result shows.   The recovery in this action was had on the ground of his negligence in this respect, and the main question we are called upon to consider is, whether the company is liable for Thompson's acts and his failure to perform the duty which devolved upon him.   In view of the evidence presented upon the trial, and the relation which Thompson occupied in refer-

ence to the reconstruction of the portion of the road which had been previously abandoned and to the train as to which the accident happened, we think that no such liability existed.   The rule is well settled that it is the duty of the master to provide and maintain, for the use of his employes, suitable machinery and other instrumentalities for the performance of the duties devolving upon them, and when it is the duty of the employe, in the course of his work, to ride upon the railroad track, it is the duty of the company to provide a track which is sufficient and suitable for the purpose, and to maintain it in good order. While this principle is generally applicable to railroads which are in a state of completion, it must be considered with some qualification in reference to a road which had become dilapidated and out of repair, and was in the process of being reconstructed.

It may be assumed, we think, that the deceased, in performing the services in which he was engaged and in traveling on the construction train, understood that he was not working upon a road which was finished and in good repair, but upon one which, having been long neglected and but little traveled, and latterly only by construction trains, subjected him to greater risks and perils than would be incurred under ordinary circumstances. In entering the defendant's service he assumed the hazards incident to the same.   One of these hazards was the condition of this crossing, which was at this time in connection with the remainder of the road out of order, and its liability at that season of the year to be obstructed in the manner it was.   The obstruction was not a defect of an intrinsic character, and no reported case holds that, under the circumstances here presented, the master would be liable.   While it is difficult to define the exact duty to employes, devolving upon corporations in reference to maintaining their roads in good condition in all cases, it can scarcely be said that they are bound to protect them against obstructions which arise from temporary and extrinsic causes. There certainly should be great hesitation in exacting the same measure of protection in a case presenting the features of the one now considered, as would be demanded where the road was

in good repair and in actual use. The injury here had its origin in circumstances arising from the condition of the weather which affected the crossing. If the crossing and the road had not been out of repair, it is hardly probable that the accident would have occurred.

Under ordinary circumstances, where the road is in good condition and properly protected, cases frequently arise when the company would not be responsible. In cases where there is a slight accumulation of ice, or where the track has been snowed under, and the employe, to whom that duty was assigned, has neglected to clear it in season, the company would not be liable in case of accident to an employe. Certainly such liability was not incurred where the employe took upon himself the risks of the construction train and the incidents of the work of repairing and reconstructing an old and worn out railroad. There was then no liability of the defendant for the damages sustained by reason of the death of the intestate.

More especially is such the case when the individual who had charge of the construction train, and the reconstruction of the road, was chargeable with negligence in performing such work as was necessary to keep the track in good condition. In the capacity in which he acted, he was only a fellow-servant, and for his negligence, the defendant was not responsible according to well-settled rules of law. The fact that Thompson had imposed upon him larger duties, embracing the reconstruction of the entire road, does not alter his relation here, and it is sufficient to say that at this time he was acting as foreman or superintendent of a number of men employed by the company to repair its old road, and was on the construction train for that purpose. He thus became and was a co-employe with the others who were there, and was not relieved from responsibility because he had other and more important duties to perform outside of those in which he was specifically engaged. Even if Thompson may have been regarded as representing the master in some respects in reference to the road generally, the duties he was at this time performing were those of a fellow-servant and not of the master, and hence if he was chargeable with negligence,

it was that of a fellow-servant, and not of the master within the principle of well-considered cases. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *McCosker* v. *Long Island R. R. Co.*, 84 id. 77.)

It follows that the court erred in holding that the defendant was liable for the negligence of Thompson, and in denying the motion to dismiss the complaint.

There was also error upon the trial in the refusal of the judge to charge that if Mr. Thompson knew of the defect proven in the crossing, and he undertook to start the train without removing it, that it was the negligence of a co-employe, and the plaintiff cannot recover. As we have already seen, if Thompson was a co-employe and was chargeable with negligence producing the death of the intestate, the defendant was not liable, and the request should have been granted.

Some other points are raised which it is not necessary to consider as, for the reasons already stated, a new trial should be granted.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur (Earl, J., on last ground stated in opinion), except Danforth, J., absent.

Judgment reversed.