## QUINN *v.* NEW JERSEY LIGHTERAGE CO.

*(Circuit Court, E. D. New York.* April 2, 1885.)

MASTER AND SERVANT—INJURY TO EMPLOYE—NEGLIGENCE OF VICE-PRINCIPAL WHILE ACTING AS CO-EMPLOYE.

An employer is not liable to an employe for the negligence of a vice-principal in doing the duty of a co-employe of the person injured.

Motion for New Trial.

*Chas. J. Patterson,* for complainant.

*Benedict, Taft & Benedict,* for defendant.

WALLACE, J. The plaintiff was injured by the negligence of the captain of a barge, owned by the defendant, while engaged in loading the barge with iron rails. The captain at the time was assisting the plaintiff and other employes in the work. In loading the rails, two men worked on the hand-winch, one hooked the tongs upon the rails, and two pushed and guided the rails into the barge, when they were raised by the men at the winch; and it was the duty of the man at the tongs to give the order to hoist to the men at the winch when the tongs were properly hooked. Prior to the accident, one Lee had been at the tongs, and the captain had been helping one of the men at the winch. At the time of the accident, the captain was at the tongs, and the plaintiff was one of the men to guide the rails. The captain gave the order to hoist prematurely, and the rail fell upon the plaintiff, inflicting the injuries for which his suit was brought.

Upon the trial the judge instructed the jury that the negligence of the captain was the negligence of the defendant, and the motion for a new trial raises the question whether that instruction was correct. Stated in other terms, the question is whether an employer is liable to an employe for the negligence of a vice-principal in doing the duty of a co-employe of the person injured.

It was assumed at the trial that the recent case of *Chicago, etc., R. Co. v. Ross,* 112 U. S. 377, S. C. 5 Sup. Ct. Rep. 184, was an adjudication in point which is controlling in this court, and the instructions to the jury were given in consequence. The only question in that case was whether the corporation defendant was liable to an engineer managing the locomotive of a freight train who was injured in consequence of the neglect of a conductor of the train to communicate instructions to the engineer essential to the safety of the train; the conductor, by the regulations of the corporation, being in control of the train and of all employes on it, and responsible for all its movements. The court held that the conductor did not occupy the position of a co-employe with the engineer. Mr. Justice BRADLEY, delivering the opinion, used this language:

"A conductor, having the entire control and management of a railway train, occupies a very different position from the brakeman, the porters, and other subordinates employed. He is in fact, and should be treated as, the

personal representative of the corporation, for whose negligence it is responsible to subordinate servants."

The case turned upon this point, and it having been ruled against the defendant it was not necessary to decide any other question. The conductor was charged with the duty of giving instructions, in the absence of which the engineer could not perform his duties intelligently, or protect himself or his employes from danger. The engineer was injured in consequence of the conductor's failure to perform this duty. As he was not a co-employe of the engineer, the risk of the conductor's negligence was not among those incident to the employment which the engineer impliedly assumed when he engaged in the service of the corporation.

The decision is of marked significance, because it departs from the rule established by the courts in England, New York, and Massachusetts, and other courts, that all those are fellow-servants who are engaged in a common object in the business of the employer, whether they are of the same grade of authority or not. The doctrine of these authorities is that all the employes of the same employer, engaged in carrying forward the same general enterprise, although in different departments and in different ranks of supremacy, are co-employes, who, by the implied terms of their employment, assume towards the employer the risks arising from the negligence of any of their number. The *Ross Case*, on the other hand, is in line with *Cowles* v. *Richmond, etc., R. Co.* 84 N. C. 309; *Chicago, etc., R. Co.* v. *Bayfield*, 37 Mich. 205; *Whalen* v. *Centenary Church*, 62 Mo. 326; and decisions in Ohio and Kentucky cited in the opinion.

The case does not touch the question here, which is, not whether the defendant is liable to a subordinate employe for the negligent act of the captain in the discharge of his duty, but whether the defendant is liable for the negligence of the captain, not as captain, but as a subordinate employe. The solution of this question depends upon the implied obligation assumed by an employer to his servant. Unless there is a breach of that obligation there is no negligence. Briefly stated, this obligation is that the employer will not expose the servant to any unreasonable hazards, in view of the nature of the services to be performed. As to those things which are to be done by the employer personally he undertakes not to be negligent. As to those things which he is not to do personally he undertakes to use due care to see that they are properly done; and as incidents of this obligation he is to use due care to provide safe appliances and facilities for the servant in the service to be performed, and to employ competent fellow-servants to assist him, if fellow-servants are required. Those things which are to be done by the employer personally are employer's duties, and if he delegates them to others he undertakes for their proper discharge precisely as though he personally were to discharge them.

Conversely, the servant who engages in the employment of another

for the performance of specified duties, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, and, in legal presumption, his compensation is adjusted accordingly. Among these risks are those arising from the carelessness and negligence of fellow-servants; because these are risks which are incident to the service, and he can as effectually guard against them as the employer. This has been deemed to be the law by all the authorities, beginning in England with *Priestley* v. *Fowler*, 3 Mees. & W. 1, and in this country with *Murray* v. *South Carolina R. Co.* 1 McMul. 385, and *Farwell* v. *Boston & W. R. Co.* 4 Metc. 49; and the doctrine is reiterated in *Hough* v. *Railway Co.* 100 U. S. 213.

If it is within the contemplation of both the employer and employe that when the former fully discharges his duty of preparation and general supervision for the particular service, all other incidental risks are assumed by the latter, and are included in his compensation, it follows logically that the employe can only allege negligence when the employer has failed, either in person or by his agents, efficiently to discharge his duty. If an employer does not undertake responsibility to a servant for the acts which are ordinarily to be performed in the service by a co-servant, there is no reason why he should be held liable for the negligent performance of those acts. And if the duty negligently performed is not the master's duty, but a servant's duty, the servant injured has no right to complain unless the employer was negligent in selecting the co-servant.

The distinction between the acts of negligence for which the master is liable, and those of which the employe assumes the risks, is well stated in *Davis* v. *Central Vermont R. Co.* 45 Amer. Rep. 593, S. C. 55 Vt. 84, as follows:

"The rule of law which exempts the master from responsibility to the servants for injuries received from the ordinary risks of his employment, including the negligence of his fellow-servants, does not excuse the employer from the exercise of ordinary care in supplying and maintaining suitable instrumentalities for the performance of the work required. One who enters the employment of another has a right to count on this duty, and is not required to assume the risks of the master's negligence in this respect. The fact that it is a duty which must always be discharged, when the employer is a corporation, by officers and agents, does not relieve the corporation from the obligation. The agents who are charged with the duty of supplying safe machinery are not, in the true sense of the rule, to be regarded as fellow-servants of those who are engaged in operating it. They are charged with the master's duty to his servant. They are employed in distinct and independent departments of service, and there is no difficulty in distinguishing them, even when the same person renders service by turns in each, as the convenience of the employer may require. In one, the master cannot escape the consequence of the agent's negligence; if the servant is injured in the other, he may."

The true inquiry in this case is whether the character of the act of the captain was one which it was incumbent upon the defendant to see properly performed. This is the rule of *Crispin* v. *Babbitt*, 81

N. Y. 516, where it was held that the liability of a master for an injury to an employe, occasioned by the negligence of another employe, does not depend on the grade or rank of the latter, but upon the character of the act, in the performance of which the injury arises. In that case, the plaintiff was injured by the act of the manager and superintendent of defendant's factory, who carelessly started a wheel while the plaintiff was occupied with the machinery. The court below refused to charge that this was the act of an operative for which the defendant was not liable, and the court of appeals held this refusal to be error and reversed the judgment. RAPALLO, J., delivering the opinion of the court, approved the language of CHURCH, C. J., in Flike's Case, 53 N. Y. 549, as follows:

"The true rule, I apprehend, is to hold the corporation liable for negligence in respect to such acts and duties as it is required to perform as master, without regard to the rank or title of the agent intrusted with their performance. It is as to such acts the agent occupies the place of the corporation, and the latter is liable for the manner in which they are performed."

This was also held in Hoke v. St. Louis, etc., R. Co. 11 Mo. App. 574, where it was determined that where a road-master of a railroad company, having superintendence of the road department, was negligent in an act which he assumed to do as a mere boss of a gang, and a workman was injured, the company was not liable as for the negligence of a vice-principal. The court used this language:

"But just as the tortious act of a servant to make the employer liable must pertain to the particular duties of that employment, so the wrongful act of a vice-principal or alter ego must be an act done by him as vice-principal. The fact that he is vice-principal in one department of the business does not make all his acts the acts of a vice-principal."

Applying the rule to the present case, where the captain of the barge was not performing a captain's duty while working at the tongs, but that of a common laborer, his negligence was not that of a vice-principal but of a co-laborer. If he had directed any of the men assisting the plaintiff to do that particular part of the work which he undertook to do himself, as he might have done if he had seen fit, and the plaintiff had been injured by the fault of the one thus selected, the defendant would not have been liable, in the absence of proof that the captain had selected an incompetent man for the place. The plaintiff has no more ground of complaint than he would have had if he had been injured by the carelessness of any of his fellow-laborers. It was the act of a co-servant, and among the risks incident to the employment which the plaintiff impliedly assumed when he engaged in the work. The captain exercised no more control over him than did the other laborers.

A new trial is therefore ordered.