## VAN WICKLE v. MANHATTAN RY. CO.

*(Circuit Court, S. D. New York. January 14, 1886.)*

MASTER AND SERVANT—FELLOW-SERVANTS— ENGINEER AND TRACK-REPAIRER.
   A track-repairer and an engineer of an elevated railroad company are fellow-servants, and for a personal injury resulting to the former, while in the course of his employment, solely from the negligence of the latter in running his train at too high a rate of speed, the company is not liable; such negligence of the engineer being one of the natural and ordinary risks incident to the track-repairer's employment.[1]

At Law. On motion for new trial.
*Edward Gebhard,* for plaintiff.
*Hugh L. Cole,* for defendant.

COXE, J. The plaintiff, while engaged as track-repairer upon the structure of the elevated railroad on Sixth avenue, New York, was injured solely by the negligence of an engineer in running his train at too high a rate of speed. Both were employes of the defendant. The court directed a verdict for the defendant, upon the ground that the engineer and the plaintiff were fellow-servants, and for the former's negligence, it being one of the natural and ordinary risks incident to the work in which plaintiff was engaged, no action could be maintained by him against the common master. The plaintiff now moves for a new trial.

It cannot be denied that the rule which exempts the master from liability in such cases is being gradually relaxed, so as to permit recoveries in many cases which would have been promptly dismissed a few years ago. Indeed, it may be said that the tendency of many recent decisions —noticeably, *Garrahy v. Kansas R. Co.*, 25 Fed. Rep. 258—is to restrict it to such narrow limits that, practically, it exists in name only. Recognizing the marked lack of unanimity among the decisions, it may still be confidently affirmed that the proposition that persons holding the relation that this plaintiff and the engineer held to each other, are fellow-servants is maintained by a great preponderance of authority. Whether the reasons which brought the rule into being require that it should still be maintained, may well be doubted but it is entirely clear that so far at least as this circuit is concerned the rule is still recognized and enforced. The following authorities, among others, sustain the view taken upon the trial: *Randall v. Railroad Co.*, 109 U. S. 478, 3 Sup. Ct. Rep. 322; *Boldt v. Railroad Co.*, 18 N. Y. 432; *Coon v. Railroad Co.*, 5 N. Y. 492; *Vick v. Railroad Co.*, 95 N. Y. 267; *Brick v. Railroad Co.*, 98 N. Y. 211; *Quinn v. Lighterage Co.*, 23 Blatchf. 209, 23 Fed. Rep. 363.

The motion for a new trial is denied.

---

[1] Upon the point as to who are fellow-servants within the meaning of the rule exempting the master from liability for injuries resulting to an employe through the negligence of a co-servant, see Reddon v. Railroad Co., (Utah,) 15 Pac. Rep. ——, and note.