THOMAS HOGAN, APPELLANT, *v.* GEORGE S. FIELD AND OTHERS, RESPONDENTS.

*Negligence — when an employee cannot recover for injuries caused by the negligence of himself and associates in the work.*

Upon the trial of this action, brought by the plaintiff to recover damages for injuries sustained by his falling from a scaffold where he was working with others, as riveters, in the erection of a bridge for the defendant, it appeared that the fall was occasioned by the breaking of a scantling used in the construction of the scaffold, at a point where it contained a knot, the scantling being described as cross-grained and wind-shaky. Neither the defendants nor their superintendent took any charge or direction of the construction of the scaffold, but committed the duty of erecting it to the plaintiff, another riveter working with him, and one McCaulley, a looker-on. The evidence showed that suitable timber was provided for the erection of the scaffold, and that it was left to the plaintiff and the other riveter to select the timber and secure the scaffold by ropes or supports as they might deem best, and that the injury was occasioned by their negligence in not selecting proper scantling or properly lashing or supporting the same.

*Held,* that as the injury sustained by the plaintiff was solely attributable to the inattention or want of skill of himself and his immediate associates, who were engaged in the work, he could not maintain this action.

APPEAL from a judgment entered on the dismissal of the plaintiff's complaint at the circuit.

*William H. Shepard*, for the appellant.

*Joseph H. Choate*, for the respondents.

DANIELS, J. :

The plaintiff was injured in January, 1883, by falling from a scaffold, upon which he himself and others were working as riveters in the erection of a bridge near Highland Falls. He and the persons working with him were in the employment of the defendants and under the general direction of their superintendent. The scaffold from which he fell was about twenty-eight feet above the floor beams and near thirty feet in length. It fell in consequence of the breaking of one of the scantling used in its construction, at a point where it contained a knot, and it was generally described as cross-grained and wind-shaky. The scaffolding had been used by the riveters one day, and then it was moved by them for use at a different place in the construction of the bridge, and on the second day the timber broke and the plaintiff fell to the ground, a distance of about thirty-three feet. But neither the defendants nor their superintendent took any charge or direction of the construction of this scaffold. There were two piles of timber not far from the bridge, from which the material was to be obtained for the erection of the scaffold, and the service of erecting it was committed to the plaintiff and Hutchinson, another riveter working with him, and McCaulley, who was a holder-on. Hutchinson selected the timber for the scaffold, and, with the assistance of other men, it was taken to the place where the scaffold was erected. There it was received by the plaintiff and McCaulley. It was hoisted with ropes to its position, where it was received by the plaintiff and McCaulley, who lashed it at the ends to posts with ropes, McCaulley being at one of the posts and the plaintiff on the other. The plaintiff's testimony was, that they fixed and lashed it to suit themselves, through the direction of Rockwell, the foreman. No posts or supports were placed under the middle of the scaffold, but it seems to have rested wholly on the posts to which it was in this manner secured; and while they were rigging it up, the plaintiff testified that there was no other person upon it but himself, McCaulley and Hutchinson. It appeared, further, from the testimony of Hutchinson, that they did not consider it important to

fasten the scantling in the center. His statement was: "We did not consider it necessary for this stick. Hogan, McCaulley and I talked about it, and there was something said about tying it up. We looked at the stick and we concluded the stick was good enough. We did not have as much confidence in the one that did not break, and we concluded we would tie it up. We spoke of tying them both up in the center, and we concluded that the one that broke was the best and soundest looking one." It is not clear from the evidence of Hogan, on his re-examination, that he intended to deny this statement, but he did say that he heard no conversation between anybody upon the subject of using ropes to suspend the scaffold in the center. It was further proved that there was other timber which might have been used in the erection of the scaffold, and there was no evidence of any inability to obtain entirely sound timber from the piles to which these persons had access for the erection of the scaffold.

Under this evidence it is very clear that the scaffold fell by reason of the inattention and carelessness of the persons employed in its construction, of whom the plaintiff was one, and as McCaulley testified was the leader. It is true that the construction of the scaffold was no part of the business of the riveters, but under the direction of the person in charge of the work, they, without objection, undertook the erection of it and had the control and management of the work. It was left so far entirely to themselves. They could have secured it by ropes in the center, or by supporting it from beneath if they had been disposed so to do, or by using other, or a larger amount of timber in its construction, and in that manner have assured themselves against the risk of accidents in the performance of their work while standing upon the scaffold. Their failure to do this was negligence, with which the plaintiff, equally at least with the others, was chargeable, and it was because of that negligence that the scaffold gave way and he fell to the ground and received this injury.

The case is not within the general principle applied in *Benzing* v. *Steinway* (101 N. Y. 547), for the work was wholly entrusted to the plaintiff and his two associates, and it was their own want of care, skill or attention that produced the injury. And when a person in the employment of another sustains an injury by

reason of such want of care, skill, or attention, he has no legal grounds of action against the common employer. (*Brick* v. *Rochester etc.*, *R. R. Co.*, 98 N. Y., 211.)

The injury sustained by the plaintiff was solely attributable to the inattention or want of skill of himself and his immediate associates who were engaged in this work, and the general legal principle applicable to this class of cases, with these facts established against the plaintiff, will not permit him to maintain an action for damages against the defendants in whose employment each of these persons was engaged. The judgment dismissing the complaint at the circuit was right and it should be affirmed.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment affirmed.