## NAYLOR *v.* NEW YORK CENT. & H. R. R. CO.

*(Circuit Court, N. D. New York. January 21, 1888.)*

1. MASTER AND SERVANT—NEGLIGENCE—FELLOW-SERVANT.
    In an action against a railway company for the death of plaintiff's intestate, who was an engineer, it appeared that the death was caused by the negligence of a switchman, who left a switch open. *Held*, that the engineer and the switchman were fellow-servants.[1]

2. SAME—NEGLIGENCE—RISKS OF EMPLOYMENT.
    In an action against a railway company for the death of plaintiff's intestate, resulting from an accident caused by a misplaced switch, it appeared that the switch target was painted green, and the plaintiff contended that if it had been red it could have been more readily seen at a distance, and enabled intestate to stop his train in time. *Held*, that as all the switch targets on the road were green, and had been for two years, during which time intestate had been in the employ of the company, he is presumed to have accepted it as one of the risks of the employment.

3. SAME—NEGLIGENCE—INCREASE OF RISK.
    In an action against a railway company for the death of plaintiff's intestate, who was an employe of the company, it appeared that a few months before the accident the company had changed the direction in which its trains

---

[1] Upon the point as to who are fellow-servants within the meaning of the rule exempting the master from liability for injuries received by an employe through the negligence of a co-servant, see Reddon v. Railroad Co., (Utah,) 15 Pac. Rep. 262, and note; Van Wickle v. Railway Co., 32 Fed. Rep. 278; Theleman v. Moeller, (Iowa,) 34 N. W. Rep. 765; Railroad Co. v. De Armond, (Tenn.) 5 S. W. Rep. 600; Railroad Co. v. Norment, (Va.) 4 S. E. Rep. 211; Torians v. Railroad Co., Id. 339; Olson v. Railroad Co., (Minn.) 35 N. W. Rep. 866; Connelly v. Railway Co., Id. 582; Ewald v. Railway Co., (Wis.) 36 N. W. Rep. 12; Easton v. Railway Co., 32 Fed. Rep. 893.

·should run on its two tracks. *Held,* that such change, while it might shift the risks of employment from one track to another, did not increase such risks.

At Law. On motion for new trial.

This action was brought by Naylor, the plaintiff, as administratrix, to recover damages for the death of her intestate, who was an engineer in the employ of the New York Central & Hudson River Railroad.

*W. C. Holbrook,* for plaintiff.

*W. H. Adams,* for defendant.

WALLACE, J. The proximate cause of the accident which resulted in the death of the plaintiff's intestate was the carelessness of a switchman, the co-employe of the deceased engineer, in misplacing a switch which connected the main tracks of the defendant's road with a side track, whereby the engine in charge of the deceased ran off the track, causing his death. The change in the running direction of trains on the two freight tracks, made by the defendant four months previously, did not increase the risks of the employment in which the deceased was engaged, although it may have shifted the risk from one track to the other when the direction of the trains were such that they would run against the switch-head instead of the switch-heel. The result was that a risk which had formerly been encountered when a train was moving westward, was encountered only when the train was moving eastward, and *vice versa.* But the mode of connecting the side track with the main tracks is wholly immaterial, because it did not enter eventually into the cause of the accident. If the engine of the deceased had not been moving against the switch-head it would have run off the track, because the switch was misplaced. The further fact that the target at the switch was painted green is relied upon, and the argument is advanced that if it had been of a red color it would have been more readily distinguishable at a distance, and might have been seen by the deceased in season to enable him to stop the engine before it left the track. The deduction is wholly conjectural; and the fact, standing alone, would hardly authorize a jury to indulge such an inference. But when it was shown that the target was painted the same color as that of all the defendant's switch-targets, that all had been green for two years previously, and that during all that time the deceased had been engaged in the same employment, the color of the target must be treated as of no significance. Its color must be assumed to have been known by the deceased. He was especially interested in observing the targets, and must have been aware of any increased risk in consequence of their color. He was as competent to judge of the matter as any officer of the defendant, and is presumed to have accepted the hazard as one of the ordinary risks incident to his employment.

The instruction upon the trial directing a verdict for the defendant was right. The switchman and the deceased engineer were not only co-employes of the defendant, but they were each engaged in duties which brought them to work at the same place, at the same time, under circumstances in which the carelessness of one might be fatal to the safety

of the other. *Randall* v. *Railroad Co.*, 109 U. S. 478, 3 Sup. Ct. Rep. 322. In *Quinn* v. *Lighterage Co.*, 23 Blatchf. 209, 23 Fed. Rep. 363, the general question of the employers' liability in this class of cases was considered, and the views adopted there are decisive here.

Motion for a new trial is denied.