## THE SACHEM.[1]

### JANSEN v. THE SACHEM.

*(District Court, E. D. New York. March 28, 1890.)*

SEAMEN—PERSONAL INJURIES—NEGLIGENCE OF FELLOW-SERVANT.
  A vessel and her owners are not responsible for injuries to a seaman caused by the negligence of another seaman.

In Admiralty. Action for damages for personal injuries.
*A. B. Stewart,* for libelant.
*Wing, Shoudy & Putnam,* for claimant.

BENEDICT, J. This is an action for personal injury, brought by one of the crew of the American ship Sachem. On January 11, 1888, while the ship was lying at anchor in Bristol roads, the crew, under the directions of the mate, undertook to rig in the jib-boom. After the headgear was slackened, and the head of the boom raised clear, the boom came in gradually, until it reached the inner jib guy band, where it jammed in the bowsprit cap. The men not succeeding in clearing it, the mate went out himself, and tried to pry the boom clear with a crowbar, but the boom would not come. The mate ordered the heel rope to be taken off the capstan, and made fast to the shank painter bitt on the port side, and tackle to be made fast to the capstan. One of the crew, named Scotty, held the heel rope at the bitt, and the others began heaving on the capstan. The boom not starting, the mate, as the libelant says, ordered Scotty to cast the heel rope off, and then gave the end of the boom another pry with his bar, when the boom started, surged in, and caught the libelant's leg between it and one of the towing bitts, breaking the leg. The mate declares that no order was given by him to cast off the heel rope, and that the accident was caused by the act of Scotty in casting off the heel rope without orders.

Upon the testimony, I think the weight of the evidence is to the effect that Scotty let go the heel rope without orders from the mate. This being so, the case is one of damage caused by negligence of a fellow-servant, for which the libelant cannot recover. If it could be found, upon the testimony, that the injury of the libelant resulted from the negligence of the mate in directing the heel rope to be cast off, a question

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

would then be raised very similar to the question decided by the supreme court in the case of *Railroad Co.* v. *Ross*, 112 U..S. 377, 5 Sup. Ct. Rep. 184, where the court held the negligence of a conductor of a railroad train to be the negligence of the railroad company. That decision might be found to be authority for holding that the chief mate of a ship, in charge of the deck, authorized to command the movements of the ship; to direct when she shall start, when she shall stop, and what sails she shall carry,—has the management of the ship so that the ship and owners thereof are responsible for injuries resulting from his negligence. But the evidence in this case is not sufficient, in my opinion, to justify a finding that the injury to the libelant resulted from negligence on the part of the mate. The libel is dismissed upon the ground that the cause of the accident was negligence of Scotty, a fellow-servant with the libelant.