## THE MIAMI.

(Circuit Court of Appeals, Second Circuit.   March 1, 1899.)

No. 83.

MASTER AND SERVANT — INJURY TO SEAMAN — MATE'S NEGLIGENCE — FELLOW SERVANTS—LIABILITY.

Where the mate of a vessel, after giving an order to certain seamen, proceeded to assist in its execution, and by their negligence another seaman was injured, the mate, while so engaged, was not acting as a master or vice principal, but as a co-employé; and hence the ship is not liable for the injuries so received.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the district court, Eastern district of New York, dismissing the libel.   87 Fed. 757.   The suit was for personal injuries sustained by the libelant, the boatswain of the steamship Miami, while lowering a topmast at sea.

Chas. C. Burlingham, for appellant.

J. Parker Kirlin, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.   The facts are fully set forth in the opinion of the district judge.   We are satisfied from the evidence that the negligent act which caused the precipitate descent of the topmast was not any improper casting off of one of the turns of the chain from around the drum.   The subsequent experiments indicate quite clearly that the remaining turns gave a sufficient purchase to control the descent of the topmast, if only the free end of the chain had been held taut, as it might readily have been, and paid out gradually.   There is no force, therefore, in any suggestion that an improper or negligent order of the mate caused the accident.   That officer undertook to carry out his own order.   He cast off the turn (or two), checking any slip of the chain by pressing it against the drum.   Had he not released that pressure until the seamen who held the free end had it well in hand, there is nothing in the record to indicate that the chain would have got beyond control.   The seamen, however, supposed that he was intending to pay out himself, and had relaxed their hold; while he, supposing they still maintained it, released the pressure, and in a few seconds the weight of the topmast imparted an impetus to the chain which none of them could overcome.   The negligence was that of the three men (the mate and the two seamen) in carrying out the instruction to reduce the number of turns around the drum. When participating in this particular work, the mate was not acting

as master or vice principal, but as an ordinary seaman, or, at most, as the foreman of a gang performing ordinary seamen's work. The case is within the rule laid down in Quinn v. Lighterage Co., 23 Blatchf. 209, 23 Fed. 363, and clearly distinguishable from the cases cited by the appellant: Peterson v. The Chandos, 4 Fed. 645; Daub v. Railway Co., 18 Fed. 625; The Sachem, 42 Fed. 66; The Titan, 23 Fed. 413; and McCullough's Adm'x v. Steamboat Co., 20 U. S. App. 570, 9 C. C. A. 521, and 61 Fed. 364.

We concur, also, in the finding of the district court that there is no evidence that the shackle was insufficient. Its breaking seems to have been the result, not the cause, of the accident. The decree of the district court is affirmed, with costs.