| 216 | 35 |
| 217 | ¹537 |

# Green *v.* Washington Oil Company, Appellant.

*Negligence—Master and servant—Vice principal—Fellow servant.*

Where an oil company establishes a boiler repair works as a distinct branch of its business, and intrusts the sole charge of it to a superintendent, who hires and discharges workmen, and gives orders about the work to be done and repairs to be made, the superintendent is a vice principal of the company, and not a fellow servant of the workmen employed in the repair shop.

In an action against an oil company by one of its workmen to recover damages for personal injuries sustained by the explosion of a boiler under a testing process, it appeared that the boiler had been repaired in a repair shop of the defendant, and that after having been removed from the shop it had exploded while being tested. A witness for the plaintiff testified that before the boiler left the shop he directed the attention of the superintendent, who was the vice principal of the company, to the unsafe and dangerous condition of the crown sheet and stay bolts of the boiler. The superintendent replied that he thought them all right. This testimony was uncontradicted. There was evidence that during the test the pressure against the crown sheet caused the stay bolts to give way, and the explosion occurred as a result. There was no evidence that the plaintiff had any knowledge of the dangerous or defective condition of the boiler. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 20, 1905. Reargued May 2, 1906. Appeal, No. 55, Oct. T., 1905, by defendant, from judgment of C. P. Washington Co., May T., 1904, No. 16, on verdict for plaintiff in case of George H. Green v. Washington Oil Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ., on reargument. Affirmed.

Trespass to recover damages for personal injuries. Before McILVAINE, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $3,000, subject to the following questions of law reserved:

1. Under the testimony in this case, was Daniel Varner a coemployee of Frank H. Green, the deceased son of the plaintiff, so that the defendant company would not be liable for his negligence in repairing or testing the boiler that was blown up and on which he and the said Frank H. Green were working at the

time of the explosion? And should the jury have been so instructed?

2. Is there any testimony in this case to support a verdict in favor of the plaintiff that should be submitted to the consideration of the jury?

The court subsequently entered judgment for the plaintiff on the verdict.

*Error assigned* among others was in the refusing judgment for defendant non obstante veredicto.

*J. Mc F. Carpenter*, with him *David Sterrett* and *R. W. Cummins*, for appellant.—There being no direct proof of the cause of an accident, it is error to submit the case to the jury on the mere assumption that the alleged defective machinery was so repaired under the supervision of defendant's general superintendent that it would not withstand the pressure to which it was subjected: Alexander v. Water Company, 201 Pa. 252; Hall v. Simpson, 203 Pa. 146.

It is not permissible to guess at the cause of an injury and assume it is something for which defendant was responsible: Reese v. Clark, 146 Pa. 465.

In an action by a servant against the master for furnishing a defective machine, the cause of the accident must be clearly shown: Hawthorne v. Penna. Salt Company, 10 Pa. C. C. Rep. 77.

The burden of proof is on the plaintiff to establish negligence. It is not sufficient to show that an accident happened through the breaking of materials: Zahniser v. Torpedo Company, 190 Pa. 350; Wojciechowski v. Refining Company, 177 Pa. 57.

There can be no recovery unless the plaintiff prove by affirmative evidence that the cause of the explosion was one for which defendant was liable: Snodgrass v. Carnegie Steel Company, 173 Pa. 228; Shafer v. Lacock, 168 Pa. 497; Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Kilbride v. Carbon Dioxide, etc., Co., 201 Pa. 552.

Varner was a fellow servant of plaintiff: Casey v. Paving Co., 198 Pa. 348; Ricks v. Flynn, 196 Pa. 263; Prevost v. Ice, etc., Co., 185 Pa. 617; Ross v. Walker, 139 Pa. 42.

*R. W. Irwin*, with him *L. R. Boyd* and *A. T. Morgan*, for
appellee.

OPINION BY MR. JUSTICE ELKIN, June 27, 1906:

The defendant corporation maintains a shop or works for the
repair of engines and boilers used in the development and opera-
tion of its oil territory.    After a certain boiler had been re-
paired in the shop, it was set up at the customary place outside,
for the purpose of having it tested.    On the day of the accident,
while being subjected to steam pressure, Daniel Varner and
Frank H. Green, son of appellee, were working in and about
the boiler, caulking, tightening bolt heads and making a test
of the same.    While thus engaged the boiler exploded, causing
injuries to both men from which death resulted.    The plaintiff
seeks to recover damages for the death of his son because he
has been deprived of his assistance, maintenance, support and
comfort, by the alleged negligence of the defendant.

The theory relied upon by the appellee to justify a recovery
is that Varner was a vice principal of the defendant, and as
such it was his duty to see that proper repairs were made to the
boiler before leaving the shop, so that it would be in a safe con-
dition to withstand steam pressure when tested.    It is asserted
that he failed in the performance of this duty, inasmuch as, al-
though notified of the dangerous and unsafe condition of the
boiler before testing, he did not make the necessary repairs, and
as a result of this failure of duty the explosion occurred.

The learned counsel for appellant contended in the court below
and argues here, that there can be no recovery because Varner
was a fellow workman and not a vice principal; and that the
evidence does not disclose any negligence for which the defend-
ant is answerable.    The assignments of error relate to and de-
pend upon two fundamental and controlling questions of law
and fact, to wit:

1. Was Daniel Varner a vice principal of the defendant com-
pany?

2. Was the proximate cause of the explosion the negligence
of the vice principal in not making, or causing to be made, the
necessary repairs to insure the safety of the boiler while test-
ing?

In order to sustain the contention that Varner was a vice

principal it was necessary to show that the repair shop was a distinct branch of the defendant's business; that he not only had a general supervision over the men, but had entire control of the works; and that defendant did not exercise any discretion over or oversight about the works except through him as its agent and representative. This is the rule of law as applied to the facts of this case : Mullan v. Steamship Company, 78 Pa. 25; N. Y., etc., Railroad Company v. Bell, 112 Pa. 400; Prevost v. Citizens' Ice, etc., Company, 185 Pa. 617; Ricks v. Flynn, 196 Pa. 263.

The plaintiff met the burden under the rule by producing four witnesses who had worked in the shop and whose testimony showed or tended to show, that the defendant operated a boiler repair works located near Taylorstown Station; that these works were in the sole charge of Varner, who hired and discharged workmen, gave orders about the work to be done and repairs to be made, and that no other person had charge of the work in and about the repair shop. The defendant did not offer any testimony on this branch of the case. The learned trial judge held that under the plaintiff's testimony the question of Varner's being a vice principal was for the jury to determine. In this we see no error. This testimony, if believed, made a prima facie case and warranted the jury in finding as a fact that Varner was a vice principal under the rule of law as above stated. It certainly was sufficient to require some explanation or answer by the defendant if the facts as shown by the testimony were not true. The defendant knew, and could have readily shown, whether the repair shop was a distinct branch of its business; whether Varner had general supervision and entire control of it; and whether no discretion or oversight was exercised by the company except through him. It chose to remain silent and rest its contention in this respect on the testimony produced by the plaintiff. Thus the record stood when the learned court below was asked to say as a matter of law that Varner was not a vice principal but a foreman and fellow workman for whose negligence the defendant would not be liable. Under the testimony the question was for the jury where the court left it.

The second question to be considered is whether there was sufficient evidence of negligence on the part of the vice princi-

pal to make the defendant answerable for the injuries about which complaint is made. The act of negligence upon which the plaintiff bases his right to recover damages is that Varner did not make, or cause to be made, the necessary repairs to the boiler before leaving the shop, to make it reasonably safe before testing it with steam pressure. In this connection plaintiff called William Reese, who testified that while repairs were being made by cutting the bottom off the boiler, he directed Varner's attention to the unsafe and dangerous condition of the crown sheet and stay bolts which supported it. The witness stated that the heads of the stay bolts on the inside were nearly pulled off and that the crown sheet was eaten outside. At the time his attention was called to the defective condition of the crown sheet and stay bolts Varner remarked that he thought them all right. This testimony is uncontradicted and must be accepted as true for the purposes of this case. It is sufficient to affect Varner with notice of the alleged dangerous and defective condition of the boiler before it was tested. We must now consider whether there was evidence from which the jury could draw a reasonable inference that the explosion resulted from the defective condition of the boiler about which Varner had been notified. The plaintiff produced several witnesses whose testimony showed, or tended to show, that the pressure against the crown sheet caused the stay bolts to give way and the explosion occurred as a result. The testimony of these witnesses shows that the crown sheet was burnt and eaten, the stay bolts drawn and the flues honeycombed. It was sufficient to warrant the jury in finding as a fact that these defective conditions were the proximate cause of the explosion. It must be conceded that if the accident had occurred in the shop while the boiler was being repaired, as a result of defects therein which the employee was repairing, there could be no recovery in this case, because the general rule which requires an employer to furnish machinery and appliances reasonably safe for the use intended, has no application to the safety and condition of the thing the servant is employed to repair: Murphy v. Railroad Company, 88 N. Y. 146; Bryant v. Railway Company, 66 Iowa, 305; Howland v. Railway Company, 54 Wisconsin, 226 (11 N. W. Repr. 529); Brick v. Railroad Co., 98 N. Y. 211. The accident did not occur, however, while

repairs were being made to the boiler.   The repairs had been finished under the direction and supervision of Varner, and the boiler had been sent outside for the purpose of testing it. It must therefore be assumed that the employer considered the boiler safe for testing purposes, although prior to that time Varner's attention had been called to the unsafe and defective condition of the crown sheet and stay bolts.   He was given notice of the alleged defective condition of the boiler before being subjected to steam pressure.   In the absence of testimony showing that Green had any knowledge of its dangerous or defective condition, he had a right to rely on the general rule that when the boiler came from the repair shop it had been properly repaired and was reasonably safe for testing purposes. If the appellant knew of the alleged defective condition and the appellee did not, we cannot say as a question of law that there was no evidence of negligence to submit to the jury.

It is true defendant set up another theory as to the cause of the accident and vigorously denied that Varner was a vice principal.   This contention, however, depended upon the facts, and it was for the jury to determine the controverted questions of fact.

We have examined with care the able and well-considered brief of the learned counsel for appellant, but have not been convinced that it was the duty of the court to give binding instructions for defendant.   It was a case for the jury on the controlling questions involved, and the charge as a whole was fair and adequate.

Judgment affirmed.