### SILLIMAN v. PAINE et al.

(*Supreme Court, General Term, Third Department.* May, 1888.)

1. BOUNDARIES—ESTABLISHMENT OF—FINDING OF REFEREE—EVIDENCE TO SUPPORT.
    A referee's finding that plaintiff in ejectment has not shown, by the location of her line, that defendant has encroached on her land, will be sustained, where it appears that defendants' land was an inside lot; that the base line assumed by plain-

tiff's surveyor, and his methods of distributing the actual surplus in the block, were not such as to preclude a variation of four and one-half inches, the amount claimed.

2. EJECTMENT—ADVERSE POSSESSION—EVIDENCE TO SUPPORT FINDING.

In ejectment for a strip of land four and one-half inches wide, a referee's refusal to find that plaintiff had been in possession for 20 years prior to 1864, when defendant built a barn on the land in controversy, will be sustained, where it appears that the eaves of plaintiff's barn projected over the strip to defendant's old barn, but there was nothing to show that the barns had stood there for 20 years, except that the appearance of the barns' method of construction and material indicated that they were old.

Appeal from judgment on report of referee.

Ejectment, brought by Helen A. Silliman against John W. Paine et al., for a strip of land four and one-half inches wide, and twenty-eight feet long. The parties owned adjoining lots situated on the westerly side of Congress street, in the city of Troy, bounded in front by that street, and in the rear by an alley. In 1864, on the rear of these lots, stood two barns, side by side, with a space of about a foot between them. One Vail, then the owner and now defendant's grantor, tore down the barn on his lot, and erected a new one, leaving only five and one-half inches space between his new barn and plaintiff's old barn. The action was to recover the portion of this space covered by the new barn. The case was heard before a referee, who reported in favor of the defendant, and from the judgment entered thereon plaintiff appealed.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

James Lansing, for appellant. John H. Peck, for respondent.

LANDON, J. The plaintiff, in order to recover, undertook to prove that the barn of the defendants occupied four and one-half inches of width, and twenty-eight feet in length, of her lot. Her counsel concedes that he did not locate the north line of her lot, as described in her deed, with entire accuracy. Her lot is in the interior of a block containing several lots, and the base line for the measurement of any of the lines in the block can only be ascertained with approximate certainty. It is obvious that the base line assumed by the plaintiff's surveyor, and his method of distributing the actual surplus in the block over and above the amount all the deeds call for, do not attain to that degree of accuracy which excludes the possibility of an error of four and one-half inches in the location of the line between the plaintiff's and the defendants' lots. Hence the referee's finding that the plaintiff has not shown by the location of her north line, under her deed, that the defendants' barn encroaches upon her lot, must be upheld.

The remaining question is whether she has shown that, for the 20 years prior to the erection of the defendants' new barn, she and her grantors were in the possession or occupation of the strip between the two old barns. The plaintiff's barn stands near her north line, and has stood there for a length of time not ascertained upon the trial. The referee refused to find that it had stood there for 20 years prior to 1864. Up to 1864 an old barn stood on the defendants' lot, 12 inches away from the plaintiff's barn. The referee refused to find that this barn had stood there for 20 years prior to 1864. The space between the two barns was covered by the projecting cornice of the plaintiff's barn, and the clapboards upon her barn extended to the barn on the defendants' lot. In 1864 the barn on the defendants' lot was torn down, and this intervening space between the two barns was, as the referee finds, first "disclosed" to the plaintiff. Defendants' grantor, Mr. Vail, was about to erect a new barn. He and the plaintiff conferred with each other about the ownership of this disclosed space. Plaintiff claimed it all, and warned Mr. Vail, defendants' grantor, not to encroach upon it with his new barn. Vail inquired if he did not own half of it, but plaintiff said, "No." Vail procured a survey to be made, and his surveyor located the line so as to di-

vide this space, and thereupon Vail caused his new barn to occupy about one-half of the space between the two old barns. The plaintiff did not know of his survey, and did not observe that the new barn was located nearer her barn than Vail's old barn was. Some evidence is given tending to show an acquiescence by the plaintiff in the line as asserted by Vail's erection of his new barn. This latter line does not appear to have been challenged by the plaintiff until the commencement of this action, 20 years, less a few weeks, from the erection of the new barn. This apparent acquiescence is explained by the plaintiff by alleging her ignorance that the new barn stood nearer to her barn than the old barn did.

Upon all the evidence adduced in the case the referee reported against the plaintiff. His refusal to find that the old barns had been erected for 20 years prior to 1864 was based upon the fact that no positive evidence was given upon the subject. The evidence was that these barns, in their appearance, method of construction, and the materials of which they were composed, indicated that they were very old. This was vague, to say the most of it. As the plaintiff's claim of actual occupation for 20 years prior to 1864 rests upon the assumption that these old barns had stood there during that time, the failure to establish the assumption leaves the possession which the barns indicate as to time, and therefore possibly less than the 20 years essential to her case. We cannot say that the referee erred in refusing to find what, if true, it is quite reasonable to suppose there was some living witness able to testify to from his own knowledge. The space between the two old barns may be said to have been boxed up on three sides by the plaintiff, and on one side by the defendants' grantor, Vail, and was overhung by the projecting cornice of the plaintiff's barn. Whether there was any opening from Vail's old barn into this space is not found. It would appear that there was, from the fact that the gable end of Vail's barn was clapboarded from its peak down to the cornice of plaintiff's barn, but not below this cornice. If such were the case, then the inclosure was such as to exclude the plaintiff from the space, and to admit Vail. An inclosure which excludes the party claiming possession by reason of it, and admits the other party, cannot be called adverse to the admitted party. The finding that, when Vail's barn was torn down, the space was disclosed, appears from the evidence to mean disclosed to the plaintiff. There is no evidence that it was then for the first time disclosed to Vail. What weight should be given to the evidence of this partial inclosure, and the overhanging cornice, was a question to be determined by the referee in connection with the other evidence in the case. When Vail was erecting his new barn, the plaintiff consented that the projections of the cornice should be so far removed as to allow the wall of Vail's new barn to be carried up. The plaintiff explains this by testimony that Vail said her barn leaned over towards him. After the barn was erected, the plaintiff adapted the cornice and clapboards upon the sides of her barn so as to have them closely fit the side of the new barn. A new fence was erected, extending from the corner of the new barn nearest to the plaintiff's barn to the corner of Vail's wash-house, which was assumed to be at a point on the line between the two lots. Both parties contributed to the erection of this fence, and it has been the practical division fence between the two lots since 1864. The referee gave weight to these circumstances, and attached slight weight to the plaintiff's explanation of her long acquiescence. But the referee did not rest his finding merely upon the ground that the plaintiff failed to show her title to the strip between the two barns, but he was convinced that the preponderance of evidence was in favor of the line occupied by the defendants' barn. In addition to the evidence already alluded to, the testimony of the two surveyors on the part of the defendants tended to support the defendants' line. The same criticism applies to this testimony as to that given by the plaintiff's surveyor; but it is in support of an open occupation by the de-

fendants and their grantor for nearly 20 years before the commencement of the action. It is supported by a practical location and long acquiescence, which, unless impeached or explained, would of themselves be decisive in the defendants' favor. The judgment should be affirmed, with costs.