PRATT, J., concurred; DYKMAN, J., not sitting.

Order sustaining demurrer to complaint and judgment thereon affirmed, with costs.

---

MARY HOSKINS, AS ADMINISTRATRIX, ETC., OF REUBEN HOSKINS, RESPONDENT, *v.* JAMES STEWART AND GEORGE STEWART, APPELLANTS.

*Negligence by the contractor in building a city sewer — injury to an employee by the bursting of an adjacent water-pipe.*

In an action brought against contractors engaged in building a sewer in a city street, it appeared that the plaintiff's intestate was engaged in the work as an employee of the defendants ; that the excavation for the sewer was about sixteen feet in depth and five feet wide at the top, and was protected by planks placed upright against the side, with cross pieces four feet apart between them; the upright planks being placed at a distance of eight feet from each other.

After half a mile of the sewer had been safely constructed in this way, a water-pipe, parallel with the sewer and about two feet from the edge of the trench, burst, filled the trench with water and caused a caving in of the banks, by which the plaintiff's intestate was killed.

*Held,* that the circumstances shown did not establish any negligence on the part of the contractors.

APPEAL by the defendants, James Stewart and George Stewart, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 29th day of October, 1889, in favor of the plaintiff, and also from an order denying a motion made by the defendants for a new trial upon the minutes of the court, entered in said clerk's office on the 21st day of November, 1889.

The action was tried before the court and a jury at the Westchester Circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $5,000.

*Joseph F. Daly,* for the appellants.

*Martin J. Keogh,* for the respondent.

Barnard, P. J. :

The case does not show that the defendants were guilty of actionable negligence. They were contractors for the building of a sewer in Yonkers. The plaintiff's intestate was an employee of the defendants in the construction of the work. The sewer excavation at the place of the accident, which caused the intestate's death, was a little short of sixteen feet in depth and five feet wide at the top. The excavation was protected by planks placed upright against the side ; there were placed cross pieces four feet apart between the planks. The upright planks were placed at a distance of eight feet from each other ; along the top of the cut there were placed from three to six planks, horizontally, inside the uprights. Under this method of protection over half a mile of the sewer had been safely constructed. When within thirty-five feet of the end a water pipe which had been placed in the street, parallel with the sewer and within two feet or thereabout from the edge of the trench, bursted. There was under the public water main a small private main, placed there before the public one was put in. The accident was caused by one of these pipes suddenly bursting and filling the trench with water and thereby causing a caving in of the banks. It was a question as to which of these pipes caused the accident. The defendants had laid the public water pipe, but the case does not show that they knew of the existence of the smaller one. The public pipe could be laid without disclosing the smaller one under it. The bursting of either pipe was not one of the calamities which the contractor was bound to anticipate and guard against. There was nothing in the fact that a water pipe was within two feet of the sewer, which called for an additional safeguard against caving in. The bracing used was similar to that commonly used in constructing sewers with conditions similar to this. It was approved by the city engineer and it did not give way until an unforeseen and unexpected bursting of the water pipe occurred, in no way connected with the defendants' employment. This pipe was along the whole excavation, and sometimes as near as it was when it broke and filled the trench with water. It appeared that the city water-pipe at the place of fracture was defective. This fact was unknown to any one before the accident. The case seems, therefore, to be controlled by *Burke* v. *Witherbee* (98 N. Y., 562). The protection was safe, judging by a safe use, until the accident hap-

pened, and then the cause was outside of the danger which could be reasonably expected by the most careful of masters. It is not necessary, therefore, to examine the question whether the accident was within the risks of the employment or the exception taken on the trial. We think the action failed upon the question of the negligence of the master.

There should, therefore, be a new trial granted, with costs to abide event.

DYKMAN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.