HELEN A. SILLIMAN, Appellant, *v.* JOHN W. PAINE and Others, Respondents.

*Ejectment — new trial under the statute — the former adjudication, how far influential — adverse possession in default of paper title — inclosure.*

Where the plaintiff in an action of ejectment, having been unsuccessful on the first trial and on an appeal therefrom, takes advantage of the provision of the statute allowing a new trial, and the facts developed upon such new trial are substantially the same as those established upon the first trial, the court should not disregard the light reflected upon the case by the examination and adjudication had upon the previous trial.

[*] Reported *ante*, page 453.

Where the plaintiff in an action of ejectment does not succeed in affirmatively proving that his deed covers the land in question, and his claim of title is not, therefore, founded upon a written instrument, it is incumbent upon him to show an actual continued occupation, under a claim of title, for more than twenty years, in himself or his grantor, evidenced by a continued substantial inclosure of the premises.

APPEAL by the plaintiff, Helen A. Silliman, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 23d day of June, 1891, dismissing the complaint, after a trial before the court and a jury at the Rensselaer Circuit.

*James Lansing*, for the appellant.

*Irving Hayner* and *John H. Peck*, for the respondents.

MAYHAM, P. J. :

Appeal from a judgment entered upon an order of the trial judge dismissing plaintiff's complaint at the trial.

This action has been once before tried before a referee, who reported in favor of the defendants, and on appeal from the judgment entered upon that report, the judgment was affirmed by this court, in a well-considered opinion by Justice LANDON, reported in 16 N. Y. St. Repr. 324.

That decision has not been reversed, and unless the essential facts have been changed on this trial so as to lead to a different result, must, we think, be regarded as *stare decisis* in this case.

It is true, as the plaintiff saw fit to avail herself of the provisions of the statute providing for a new trial in actions of ejectment on payment of costs, that she is entitled to a new trial *de novo*, and to have her case disposed of substantially as if no trial had been previously had ; but if, on such new trial, the facts have not been substantially changed, this court should not disregard the light reflected upon the case by the examinations and adjudications of the court on the former trial.

We have examined the evidence on this trial and do not see that it is essentially changed as to the location of the land actually embraced in the plaintiff's deed.

Upon that question there seems now, as on the former trial, a want of evidence fixing any definite starting point from which a

survey can be made with sufficient certainty to locate this dividing line with accuracy within the narrow margin of six and one-half inches. Assuming, as we must, that the former decision on that question was correct, we see no change of facts which would change the legal conclusion reached on the former trial.

But it is insisted by the learned counsel for the appellant that the proof on the second trial clearly establishes in the plaintiff a twenty years' adverse possession of this strip of land, and that, therefore, the plaintiff is entitled to recover, even though the proof fails to show that it is embraced within the description in the plaintiff's deed, or covered by the allegations of his complaint.

The plaintiff makes no claim in her complaint for land not embraced in lot No. 123, and seeks only to recover a part of that lot bounded on the north line of that lot.

That claim is, therefore, inconsistent with a claim to recover lands lying northerly of that line.

But the complaint does specifically describe the piece of land sought to be recovered by boundaries from which, if the plaintiff should recover, the *locus in quo* could be taken possession of by the sheriff, and the plaintiff put in possession. It is a strip six and one-half inches wide from front to rear, parallel with the north line of the lot, and extending twenty-eight feet from Second street to the alley.

If, therefore, the proof in this case establishes an adverse possession in the plaintiff in this strip, within the provisions of sections 370, 371 and 372 of the Code, we think under this complaint she might recover.

Upon this branch of the case there was evidence from which the jury might have found that these premises were held by plaintiff and his grantors adversely for more than fifty years before the new barn was constructed on the defendant's lot in 1864, provided they found that the same was so inclosed and occupied as to create an adverse possession within the provisions of sections 370, 371 and 372 of the Code of Civil Procedure.

I think that within the case of *Barnes* v. *Light* (116 N. Y. 34), the case upon this branch should have been submitted to the jury.

In that case it was held that an action of ejectment can be maintained upon an adverse possession, even against the true owner, and several authorities are referred to, to sustain that position.

As the plaintiff did not succeed in affirmatively proving that her deed covered this land, and her claim of title was not, therefore, founded upon a written instrument, it was incumbent on her to show an actual continued occupation under a claim of title for more than twenty years, in herself, or her grantor, evidenced by a continued substantial inclosure. (Code Civ. Proc. §§ 370, 371, 372; *supra.*)

Upon this question there was evidence which we think raised a question of fact which should have been submitted to the jury.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide the event.