CARRIE A. RACINE, as Administratrix of SAMUEL L. RACINE, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Master and servant — negligence — safe machinery.*

An employer is bound to furnish not only a reasonably safe place for his employees to work in, but he must use reasonable care in keeping such place free from unnecessary peril.

This rule does not make the employer an insurer against injury to his employees, caused by the breaking of machinery or the explosion of a boiler while in use by the employee in the service of the employer, provided such machinery is apparently in a safe condition and the injury results from a latent weakness or a defect unknown to the employer, and one which the exercise of ordinary care and skill by the employer would not enable him to detect or guard against; an accident happening under such circumstances must be regarded as one of the risks incident to the employment which the employee assumes.

In an action to recover the damages resulting to an employee from the explosion of a boiler on one of the defendant's locomotive engines, it appeared upon the trial of the action that the injury was caused by an explosion of the crown sheet of the boiler, which, about a week before the accident, being uncovered by the water, was discovered by the engineer to be white, and at his suggestion a careful examination was made of it, but no weakness in the boiler could be discovered. After this the boiler was subjected to the test of 145 pounds pressure, its maximum capacity, and resisted that pressure; but subsequently, under a pressure of only 110 pounds, while the engine was running at a moderate rate of speed, the boiler exploded.

*Held,* that there was not sufficient evidence to go to the jury upon the question of the defendant's negligence in the premises.

APPEAL by the plaintiff, Carrie A. Racine, as administratrix of the goods, etc., of Samuel L. Racine, deceased, from a judgment of the Supreme Court entered in the office of the clerk of St. Lawrence county on the 6th day of March, 1893, after a trial at the St. Lawrence County Circuit, at which the plaintiff was nonsuited and the complaint dismissed, and the court refused to submit the case to the jury.

*Chamberlain & Caldwell,* for the appellant.

*Mullin, Griffin & Walker,* for the respondent.

MAYHAM, P. J. :

The plaintiff's intestate was killed while in the employ of the defendant, by the explosion of a boiler on one of the defendant's

locomotive engines, and the only question raised on this appeal is, whether the trial judge should have submitted to the jury the question as to whether or not the defendant was negligent in furnishing an unsafe place for the plaintiff's intestate to perform his work.

The injury occurred by an explosion of the crown sheet of the boiler, and there was some evidence that about one week before the explosion which caused the injury, the water in the boiler had been lowered so that the crown sheet was not covered, and that the engineer discovered that the plate appeared white, and the attention of the master mechanic was called to it, and, after some examination of the boiler by experienced engineers and by a boiler maker, who discovered no evidence of injury or weakness to the boiler, she was kept at work.

The evidence shows that the maximum capacity of the boiler to resist the pressure of steam was between 140 and 145 pounds, before she would exhaust steam, or pop off, as the witness called it, automatically by forcing open the safety valve on the engine, and the evidence shows that frequently, after the alleged burning of the crown plate, she carried her full amount of steam, and popped off regularly when the maximum pressure was reached.

The evidence also disclosed that she was used, from the time of the supposed burning of the plate to the time of the explosion, in hauling freight trains over the road, and showed no signs of weakness or leaking, and that on the day of the accident she had hauled a freight train from Watertown to Sanford's Corners, where she was transferred to a passenger train which she hauled to Philadelphia, whence she started back without a train, to be again attached to the freight which she had left, and, while carrying but 110 pounds of steam and running at the rate of ten miles an hour, she exploded and caused the injury complained of.

We think that upon these facts the plaintiff failed to establish affirmatively any negligence on the part of the defendant in not providing a reasonably safe place for the plaintiff's intestate to work.

The doctrine is doubtless well settled by authority that the defendant is bound not only to furnish a reasonably safe place for its employees to work, but it must use reasonable care in keeping such place free from unnecessary peril. (*Hawley* v. *Northern Central*

*R. R. Co.*, 82 N. Y. 370; *Mehan v. Syracuse, Binghamton & N. Y. R. R. Co.*, 73 id. 585.)

But this rule does not go to the length of making the employer insurer against injury by the breaking of machinery or the explosion of boilers while used by an employee in the service of the employer, provided such machinery is apparently in a safe condition and injury results from latent weakness or defect unknown to the employer, and which the exercise of ordinary care and skill by the employer would not enable him to detect or guard against, and when an accident happens under such circumstances, it must be regarded as one of the risks incident to the employment, which, when no fault is chargeable to the employer, the employee assumes.

The boiler in this case, after the supposed burning of the crown plate, was subjected to the test of 145 pounds pressure, its maximum capacity, and resisted that pressure, and upon that test was put in service by the defendant, in hauling freight and passenger trains, under a pressure, as would seem from the evidence, of from 140 to 145 pounds of steam, and continued in such service for about one week after such supposed burning of the plate, to the time of the accident, without any evidence of weakness. It finally exploded while carrying only 110 pounds of steam and while running at a moderate rate of speed alone, and without a train. We fail to see from the evidence either that the place furnished by the defendant for the intestate to work was unsafe, or that the defendant was guilty of negligence in suffering it to become unsafe while the intestate was employed by the defendant. We think, under the proof in this case if it had been submitted to the jury, and a verdict had been rendered in favor of the plaintiff, it would have been the duty of the trial judge to have set it aside upon the minutes.

In such a case it is the duty of the judge to nonsuit, and we think, therefore, that the nonsuit was properly granted in this case.

The judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.