FRANK HARLEY, Respondent, *v.* BUFFALO CAR MANUFACTURING COMPANY, Appellant.

A master is not bound to furnish the best known appliances for the work in which his servant is employed, but only such as are reasonably fit and safe; he satisfies the requirements of the law if in the selection of machinery and appliances he uses that degree of care which a man of ordinary prudence would use, having regard to his own safety, if selecting them for his individual use.

Where several appliances are in use, each of which is regarded by men of skill and experience as safe and proper, the master may not be made liable where, in selecting the appliance which causes an injury to his servant, he took the one which, according to his judgment and that of skilled men in his employ, was the best.

It is culpable negligence, not an error of judgment, which imposes the liability.

Plaintiff, an employee in defendant's machine shop, was injured by the breaking of a belt used to move machinery. The belt was fastened at a splice with a belt fastener which gave way. In an action to recover damages it appeared that there were several kinds of fasteners in use, all of them liable to break under some unusual strain, and no one could foresee when they would break. The witnesses differed as to which of the fasteners was the safest. A number of the witnesses, who apparently had had the greatest experience with the one used, gave it the preference. It had been manufactured, sold and used in large numbers in this country and elsewhere for several years before the accident. It did not appear that they were less safe than any other fasteners or that any serious accident had ever happened before from the breaking of any fastener. *Held,* that the evidence failed to show any negligence on the part of defendant; and so, that it was not liable.

Plaintiff was permitted, under objection and exception, to ask several of his witnesses their opinion as to the safety of the fastener used. *Held,* error.

It appeared that defendant kept on hand in its shop a large number of these fasteners, and when a belt parted it was the duty of the employees to splice it and to use a sufficient number of fasteners for that purpose. *Held,* that if in splicing this belt a sufficient number of fasteners were not used to make it safe the negligence was that of the employees, not the master's.

(Argued March 15, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon

an order made October 4, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot* for appellant. An employer is not required to furnish the best machinery and appliances, and he is not chargeable with negligence if he furnishes machinery and appliances such as are to be found in common use, although they are not the best upon the market. (*Shaffer* v. *Haish*, 110 Penn. St. 575; *Develin* v. *Smith*, 89 N. Y. 470; *Bunke* v. *Witherbee*, 98 id. 563; *Sweeney* v. *Berlin & Co.*, 101 id. 520; *Bajus* v. *R. Co.*, 103 id. 312; *Hickey* v. *Taafe*, 105 id. 26; *Stringham* v. *Hilton*, 111 id. 188; *Dobbins* v. *Brown*, 119 id. 189; *Hart* v. *Naumberg*, 123 id. 641; *Kearn* v. *D. & D. S. R. Co.*, 125 id. 50.) The belt in this case being an appliance as to which defects arise in daily use, which are not of a permanent character, and do not require the help of skilled mechanics to repair, but which may be easily and are easily remedied by the workmen, and to repair which proper and suitable materials are supplied, it follows that the failure of the workmen to keep this belt in repair, or to use a sufficient number of fasteners to keep it in repair or make it sufficiently strong, is not the negligence of the defendant, but is the negligence of co-servants, for which the defendant is not liable. (*Cregan* v. *Marston*, 126 N. Y. 568; *McGee* v. *B. C. Co.*, 139 Mass. 445.) The court erred in permitting witnesses to give their opinion as to whether the fastener was a sufficient fastener or not, as this was the very question to be tried by the jury, and one which they could have decided properly from an inspection of the fasteners put in evidence, and from hearing the testimony; and the comparison by experts of these fasteners with other fasteners was improper. (*Schwander* v. *Birge*, 46 Hun, 66; *Schneider* v. *S. A. R. Co.*, 133 N. Y. 583; *People* v. *Manke*, 78 id. 611.) The risk of the belt breaking, in daily use, and endangering a person who might be near, was an obvious risk, one plaintiff had

assumed, not a hidden or extraordinary danger, which defendant was required to point out, and which would be a risk plaintiff .would not assume; and, if defendant's employees, being furnished with plenty of fasteners, did not keep this belt in repair with them, or did not use sufficient fasteners in joining it together, then such error of judgment, or negligence, on the part of his co-employees was also a risk which plaintiff had assumed, consequently defendant is not liable to the plaintiff for the injury he sustained by the breaking of the belt. (*White* v. *W. F. Ins. Co.*, 131 N. Y. 631; *Kaare* v. *T. S. & I. Co.*, 139 id. 369; *Ogley* v. *Miles*, Id. 458; *Haskin* v. *R. R. Co.*, 65 Barb. 129; *King* v. *R. R. Co.*, 9 Cush. 112; *Cahill* v. *Hilton*, 106 N. Y. 517; *Taylor* v. *C. M. Co.*, 140 Mass. 154; *Huddleston* v. *L. M. Shop*, 106 id. 282; *Goodnow* v. *N. E. Mills*, 146 id. 261; *Coombs* v. *N. B. C. Co.*, 102 id. 572; *Sullivan* v. *I. M. Co.*, 113 id. 396; *Russell* v. *Tillotson*, 140 id. 201; *Taylor* v. *C. M. Co.*, Id. 150.) If there was negligence it was the negligence of plaintiff's co-employees, and the defendant is not liable therefor, under the circumstances of this case. (*Cregan* v. *Marston*, 126 N. Y. 568; *Cullen* v. *Norton*, Id. 1; *Hussey* v. *Coger*, 112 id. 614.)

*George Wing* for respondent. The duty of furnishing suitable machinery and appliances and keeping them in repair cannot be delegated to a servant, and the master thereby be relieved from responsibility. (*Benzing* v. *Steinway*, 101 N. Y. 552; *Stringham* v. *Stewart*, 100 id. 516; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 208; *Painton* v. *N. C. R. R. Co.*, 83 id. 7; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 547; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 369; *Kranz* v. *L. I. R. R. Co.*, 123 id. 4; *McGovern* v. *C. V. R. R. Co.*, Id. 281.) It was competent to allow the jury to examine the staple offered in evidence after the plaintiff had established that it was the same kind and size of staple used by defendant and which parted and injured the plaintiff. (*Archer* v. *N. Y., N. H. & H. R. R. Co.*, 106 N. Y. 589; *People* v. *Buddensieck*,

103 id. 501.) Whether the belt staple in question was a proper or safe appliance to be used on such a belt was a proper subject for expert testimony. (*Price* v. *Powell*, 3 N. Y. 322; *Curtis* v. *Gano*, 26 id. 426; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 id. 42; *Moore* v. *Westervelt*, 27 id. 234; *Baird* v. *Daly*, 68 id. 547; *Scattergood* v. *Wood*, 79 id. 263; *Emerson* v. *F. G. L. Co.*, 6 Allen, 146.) No matter whose hand does the work of the master in furnishing a safe, efficient and secure belt, if it is not properly done the master is liable for any accident resulting therefrom. (*Benzing* v. *Steinway*, 101 N. Y. 552.) The servant, upon entering the employment of the master, does not assume the risk of the master's negligence. (*Booth* v. *B. & A. R. R. Co.*, 74 N. Y. 40; *McGovern* v. *C. V. R. R. Co.*, 123 id. 281.)

EARL, J. This action was brought by the plaintiff to recover damages against the defendant for a serious injury received by him from the breaking of a belt used to move machinery in the defendant's shop at the city of Buffalo.

The principles of law applicable to such a case as this have exposition in many decisions of this court. It is sufficient to cite the following: (*Devlin* v. *Smith*, 89 N. Y. 470; *Burke* v. *Witherbee*, 98 id. 562; *Sweeney* v. *Envelope Co.*, 101 id. 520; *Bajus* v. *S. B. & N. Y. R. R. Co.*, 103 id. 312; *Hickey* v. *Taafee*, 105 id. 26; *Stringham* v. *Hilton*, 111 id. 188; *Buckley* v. *G. P. & R. M. Co.*, 113 id. 540; *Dobbins* v. *Brown*, 119 id. 188; *Cosulich* v. *S. O. Co.*, 122 id. 118; *Hart* v. *Naumburg*, 123 id. 641; *Kern* v. *De Castro & D. S. R. Co.*, 125 id. 50; *Carlson* v. *P. B. Co.*, 132 id. 273.)

The master does not guarantee the safety of his servants. He is not bound to furnish them an absolutely safe place to work in, but is bound simply to use reasonable care and prudence in providing such a place. He is not bound to furnish the best known appliances, but only such as are reasonably fit and safe. He satisfies the requirements of the law if in the selection of machinery and appliances he uses that degree of care which a man of ordinary prudence would use, having

regard to his own safety, if he were supplying them for his own personal use. It is culpable negligence which makes the master liable, not a mere error of judgment.

Here the belt was fastened at one of its splices with what was called the Buffalo belt fastener, and while the machinery was running the fastener gave way and the belt parted and caused the injury to the plaintiff. It was shown upon the trial that there were several kinds of belt fasteners in use; that all of them were liable to break; that no one could foresee when they would break, and that they generally broke under some unusual strain which might come from a variety of causes. The witnesses differ as to which of the fasteners in use was the safest and best, some of them giving preference to one kind and some to another. The evidence shows that one kind would be better on some belts and another kind better on other belts, the fact of safety and utility depending upon the machinery upon which the fastener is used, the place where it is used, the work which is to be done, and the strain to which it is to be subjected. A number of witnesses who apparently had had the greatest experience with the Buffalo fastener gave it the preference for safety and efficiency. It was a patented article and had been manufactured, sold and used for several years before this accident. It was manufactured in Buffalo, and one of the persons engaged in its manufacture testified that these fasteners were extensively sold all over this country and in Canada, and that some of them were exported; that the sales of them had constantly increased until they reached in value $40,000 a year, and thus it is probable that several hundred thousands of them were sold and put to use every year. The skilled workmen in the employment of the defendant who had used them for several years testified that they were convenient, useful, efficient and safe. It does not appear that they had been less safe than any other fastener in use, nor does it appear that any serious accident had ever before happened from the breaking of any belt fastener.

Under such circumstances how can it be said that the defendant violated any duty it owed to the plaintiff? It was

impossible from the evidence to determine whether these fasteners were or were not the best in use for such a belt and such machinery as the defendant had at the time and place of the accident. Suppose a master needing fasteners in his shop makes inquiry among men of skill and experience as to the best kind of fasteners to use, and he is informed by some that one kind is the best, and by others that another kind is the best, and so on, and he finally makes a selection, using his best judgment; and suppose it should turn out that it was not the best, could he, under such circumstances, be held liable for an injury received by a person in his service from the parting of a belt on account of the insufficiency of the fastener under any particular strain to which the belt had been subjected? But we may go one step further. Suppose, under such circumstances, he purchased fasteners for use in his shop, which, according to the judgment of his skilled workmen were found to be useful, convenient and safe, and the very best in use, can he then be charged with negligence for continuing to use them and be made liable to one who is accidentally injured by the parting of a belt? Suppose, under the circumstances which exist here, the defendant had adopted one of the other fasteners for this particular belt and an accident had happened from its parting, there would have been substantially the same evidence for the jury and the same claim could have been made which is now made, that there was a question of fact for the jury as to its negligence in making the selection. This judgment cannot be affirmed without subjecting the master in such a case as this to the risk of liability for injuries from the parting of a belt moving machinery in his shop, whatever fastener he may use, because if he uses one kind, according to the evidence in this case, it is easy to find persons who will testify that from their experience and observation some other kind was better.

It must always be true that where several appliances are in use, each of which is regarded by men of skill and experience as safe and proper, the master cannot be made liable for an injury to one of his servants, if in selecting the particular

appliance he takes what according to his judgment is the best or most suitable, guided by his experience and observation and those of the skilled men in his employment.

Upon the evidence in this case, it cannot even be determined that the managers of the defendant erred in their judgment in the selection of this kind of fastener. But if there was an error in judgment, it was not such as to constitute that degree of negligence and want of prudence which, under the rules of law above cited, can impose liability for such an accident as this.

If it should be claimed that, in splicing the belt, a sufficient number of these fasteners was not used to make it safe and secure, it may be answered that the proof does not show that there was not a sufficient number; and even if there was not, that circumstance would not impose liability upon the defendant in this action, because it furnished and kept on hand in its shop a large quantity of the fasteners for use by its employees, and when a belt parted, as they were liable to frequently, they were bound, in the exercise of their skill and judgment, to splice it and to use a sufficient number of fasteners for that purpose; and if they did not, then the negligence was that of a co-employee, and on that account the defendant could not be held liable.

If there was any weakness in the particular fasteners used in this belt, from imperfect manufacture or imperfect material, such imperfection not being visible to ordinary observation, the defendant could not be made liable on that account, as they were the same kind of fasteners which they had used for years with entire success and safety and which they had purchased from the manufacturers engaged extensively in their production and sale.

Upon the trial of the action the main issue to be determined by the jury was whether the Buffalo belt fastener was suitable and safe for fastening the belt in question, and the plaintiff was permitted, against the objection of the defendant's counsel, to ask several of his witnesses their opinion as to their safety and fitness. We think these questions were objectionable. A

sample of this belt fastener was produced before the jury, and also a piece of belt showing how the fastener was used. Its size and mode of use were apparent to the jury. It was competent for the plaintiff to prove the strain to which it would be subjected, its liability to break and all the experiences of persons· who had used it ; and thus all the facts could be placed before the jury from which they could determine whether or not it was a suitable and safe belt fastener. It cannot be proper to have the issue determined by the opinions of experts, however skilled and experienced they may be. The facts should be placed before the jury and they should be left to determine whether the belt fastener was safe or otherwise. (*Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455 ; *Schneider* v. *Second Avenue R. R. Co.*, 133 id. 583.)

We are, therefore, of opinion that this judgment should be reversed and a new trial granted, costs to abide event. '

All concur (ANDREWS, Ch. J., on exceptions to evidence), except BARTLETT, J., dissenting.

Judgment reversed.