AGNES MICKEE, as Administratrix, etc., of CHARLES MICKEE, Deceased, Respondent, *v.* WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY, Appellant.

*Independent contractor — owner not liable for his negligence — duty of a master to furnish a safe place for his servants — liability for injuries sustained by his servant.*

· 77   559
.144a 613

When an independent contractor is employed to construct a building, the owner of the land is not liable for any negligence on the part of such contractor, or for any injury resulting from the negligent construction of such building.

A master is not bound to furnish an absolutely safe place for his servant to work in, but simply to use reasonable care and prudence in providing such a place.

He is not an insurer of the safety of the place, or of his servant against injury, and his duty is discharged by furnishing a reasonably safe place and by the

exercise of reasonable care and watchfulness in keeping it safe. To render him liable there must be some positive fault on his part either of commission or of omission.

The liability of a master for injuries to his servant received in his service is based on his personal negligence, and the evidence must establish some personal fault or neglect of duty on his part, or what is equivalent thereto, in order to justify a verdict against him.

He is entitled to the presumption that he has performed this duty until the contrary is made to appear; it is culpable negligence which makes a master liable and not a mere error of judgment.

APPEAL by the defendant, the Walter A. Wood Mowing and Reaping Machine Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 16th day of November, 1893, upon the verdict of a jury rendered after a trial at the Rensselaer Circuit, and also from an order made on the 14th day of November, 1893, and entered in said clerk's office, denying the defendant's motion to set aside the verdict and for a new trial, made upon the minutes, with notice of an intention to bring up for review on such appeal the exceptions taken and the rulings of the trial judge against the defendant made on the trial; the motion to set aside the verdict and the grounds upon which such motion was made.

*Hinsdill Parsons* and *G. B. Wellington,* for the appellant.

*Olin A. Martin,* for the respondent.

HERRICK, J.:

At the time of the accident which gave rise to this action the defendant was engaged in laying some railway tracks upon its premises; alongside of these tracks, and about four feet distant therefrom, at the point where the accident happened, there was a building in process of erection for the defendant and upon its premises.

On the third floor of the building, on a beam or plate upon which the third floor was laid, were a number of upright posts of spruce timber, about ten inches square, and ten feet long and about fifteen feet distant from each other, which were to support, as I understand it, the fourth floor of such building.

While the plaintiff's intestate was engaged in laying the railway

tracks alongside of such building one of these posts fell upon him and caused his death.

This case has once before been to this court upon appeal. (70 Hun, 456.) Upon the former trial no evidence was offered upon the part of the defendant, but a judgment of nonsuit was granted at the close of the plaintiff's case, and this court held that upon the facts as they then appeared the nonsuit was erroneously granted, and that the case should have been submitted to the jury.

The case as it now appears differs in essential particulars from that before the court upon the former appeal. It then appeared "that this post had stood there three or four days before it fell" (70 Hun, 457), and there was no evidence shown that the post had been guyed or secured, and as was then stated "it needed no evidence to show that a stick set up on end of the dimensions of the one by which the injury was inflicted, unless the same was well guyed and secured, was liable to fall." (Id. 459.)

It now appears in the case that this building was being erected for the defendant in pursuance of a contract with one Charles A. Russell, who employed the men who were at work thereon, and paid them; that said Russell was a contractor and builder who had been engaged in such business for eighteen or twenty years; that the post in question was raised and placed in position Saturday afternoon; that it was stayed and secured in the following manner: "There was a hard pine block nailed onto a stringer and the post was nailed onto that and nailed to the bottom and stayed both ways. The stay was an inch board about eight inches wide nailed on, and a stay lath nailed to a cleat that was nailed to the floor, and another one to the top of the post and the outside of the building."

After the post was erected some of the men employed went up to the top of it by means of a ladder set up against it; one of the men testifies that he went up three different times.

As before stated, the post in question was erected Saturday afternoon, and the following Monday between eight and nine o'clock in the morning plaintiff's intestate was killed by its falling upon him; the reason of its falling does not appear; there is some testimony that there was a strong wind blowing at the time, and the assumption is that the post was blown over by such wind.

It will thus be seen that the case is presented in quite a different aspect from that which was shown upon the former appeal.

The defendant is not liable for any negligence in the erection of the post or for any injury resulting from such negligent construction, the building being in process of construction by an independent contractor. (*Devlin* v. *Smith*, 89 N. Y. 470; *Butler* v. *Townsend*, 126 id. 105; *Wyllie* v. *Palmer*, 137 id. 248.)

But it is said that the defendant failed to perform its duty to plaintiff's intestate in not furnishing a safe place in which to work.

The duty of the master to furnish a safe place in which his servant may work is not an absolute duty. " He is not bound to furnish them an absolutely safe place to work in, but is bound simply to use reasonable care and prudence in providing such a place." (*Harley* v. *B. C. M. Co.*, 142 N. Y. 34.) He is not an insurer of the safety of the place or an insurer of his servant against injury. As was said in *Butler* v. *Townsend* (126 N. Y. 105): " A place in its broad sense is never safe in which an accident happens, and an accident always happens in some place, and so the master might almost become an insurer."

The duty of the master is discharged by furnishing not an absolutely, but a reasonably safe place, and by the exercise of reasonable care and watchfulness in keeping it safe. To render him liable there must be some positive fault on his part either of commission or omission.

" The liability of the master for injuries to the servant received in the service is based upon his personal negligence, and the evidence must establish some personal fault or neglect of duty on his part, or what is equivalent thereto, in order to justify a verdict, and he is entitled to the presumption that he has performed this duty until the contrary is made to appear." (*Crown* v. *Orr*, 140 N. Y. 450–453.) It is culpable negligence which makes the master liable, not a mere error of judgment. (*Harley* v. *B. C. M. Co.*, 142 id. 31–35.)

The place where the plaintiff's intestate was working appears to have been a safe place, except as it was made dangerous by the negligent erection, if it was negligently erected, of the post which fell, and for that, as we have seen, the defendant was not liable; neither can it be held liable for the dangerous condition in which

such negligent erection placed the premises where plaintiff's intestate was employed, unless it had notice of such danger, or by reasonable care and watchfulness could have acquired knowledge. It is not claimed, nor is there anything in the evidence to show, that the defendant had any actual notice of any negligent or improper erection of the post which fell; indeed, from the manner in which the post was secured, guyed and braced, and the tests to which it was subjected after it was erected, by persons repeatedly climbing up upon it, it appears to have been reasonably well secured; it was done under the supervision of a man who had been engaged from eighteen to twenty years in the erection of buildings.

But, assuming it to have been negligently placed, and insufficiently stayed, in the absence of actual knowledge of that fact on the part of the defendant, I do not think that there is anything in the evidence by which we are entitled to say that it had constructive notice, or that there has been an omission of duty on its part in not ascertaining the negligent placing of the post.

It was placed in position Saturday afternoon, and then was so securely in position that men could climb up upon it, and the following Monday between eight and nine o'clock in the morning it fell.

These facts being uncontradicted, it does not seem to me that there is anything in them from which we can hold that the defendant, by inspection, could have acquired knowledge of any defect or unsafe condition, or that sufficient time had elapsed within which we can say that it ought to have acquired knowledge, and, hence, had constructive notice.

For these reasons, the judgment should be reversed and a new trial granted, costs to abide the event.

PUTNAM, J., concurred; MAYHAM, P. J., concurred in the result.

Judgment reversed, new trial granted, costs to abide the event.