(12 Misc. Rep. 375.)

### MOY v. OCEAN STEAMSHIP CO. OF SAVANNAH.

(Superior Court of New York City, General Term. May 6, 1895.)

INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

> Plaintiff's decedent, while crossing under an open hatchway, in violation of his employer's orders, was struck and killed by a barrel which fell from a sling being operated by one of his fellow workmen. It was not shown that the sling was imperfectly constructed, that the mode of letting barrels down the hatchway was dangerous, or that decedent was required by his work to go into the place where he was killed. *Held*, that plaintiff could not recover.

Appeal from jury term.

Action by Catherine Moy, as administratrix of the estate of Patrick Moy, deceased, against the Ocean Steamship Company of Savannah. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

L. Ruser, for appellant.

Hoadley, Lauterbach & Johnson (H. L. Scheuerman, of counsel), for respondent.

McADAM, J. The action is under the statute to recover damages for the death of one Patrick Moy, an employé of the defendant. It appears that the decedent was on August 13, 1894, at work in one of the lower holds of the steamship City of Augusta, and that a barrel which was being lowered into the hold of the vessel fell

from the sling in which it was held, and struck him while he, for some unexplained reason, was crossing directly under the open hatchway. The hatchway had been opened to unload the vessel, and the orders were to stand clear of the hatches until the hooks were sent down, when the barrels were taken charge of by the workmen. There was no evidence of any imperfection in the sling, or anything inherently dangerous in the mode of doing the work. The sling was in charge of a fellow workman of the decedent, and, if there was any negligence, it was that of the fellow servant, for whose conduct the defendant is not liable. There can be no claim that Moy did not have a reasonably safe place in which to work, for that means a place in which the permanent constructions have been made with reasonable safety. Brick v. Railroad Co., 98 N. Y. 211; Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Mickee v. Machine Co., 77 Hun, 559, 28 N. Y. Supp. 918. The decedent went over the cargo in the dangerous open hatchway, and it nowhere appears that he was in a place necessitated by his work. Under the edge of the covering, where it would seem he properly belonged, he would have been perfectly safe. Under the circumstances, there was no proof to fasten negligence upon the defendant, nor to exculpate the decedent from the inference of contributory negligence.

The judgment appealed from must be affirmed, with costs. All concur.