MICHAEL DEVEREUX, Appellant, *v.* THE UTICA STEAM COTTON MILLS, Respondent.

*Negligence — injury from metallic fasteners flying from a parting leather belt and striking a factory employee — when the questions as to the master's negligence and as to the employee's assumption of the risk are for the jury.*

In an action to recover damages for personal injuries sustained by the plaintiff while employed as a spinner in the defendant's cotton mill, it appeared that the belts used in the defendant's mill would occasionally part and that there were three methods of repairing them, namely, cementing the ends, joining them with leather strings, or with metallic fasteners; that the belts could be repaired quicker with metallic fasteners than with cement or with leather strings, but that the use of the metallic fasteners was attended with the danger that if the belt again parted while it was in motion, the metallic fasteners were liable to fly off with great force and to considerable distances; that some years prior to the accident an operator in the defendant's mill had been killed by a metallic fastener which flew from a belt in this manner; that a short time prior to the accident a metallic fastener from a parting belt was thrown through a double window; that a few days prior to the accident the belt attached to a machine

operated by a spinner named Hoffman parted and a metallic fastener flew from it a distance of ninety or one hundred feet through an iron pail; that at that time the plaintiff talked with the defendant's overseer about the danger arising from the use of metallic fasteners and that the overseer stated that in the future all the belts would be fastened with cement; that the Hoffman belt was repaired with cement and remained in that condition until about an hour before the accident, when it parted. It was repaired with the metallic fasteners and about an hour thereafter it again parted, and the plaintiff was struck by one of the metallic fasteners which flew therefrom.

The plaintiff's belt was fastened with cement and he testified that he did not know that the Hoffman belt had separated and had been repaired with metallic fasteners.

*Held,* that it was error for the court to nonsuit the plaintiff;

That, upon the evidence, the question whether the defendant was guilty of negligence in permitting the use of the metallic fasteners and whether the plaintiff had assumed the risk incident to their use, should have been submitted to the jury.

APPEAL by the plaintiff, Michael Devereux, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 26th day of May, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Oneida Trial Term.

*L. N. Southworth,* for the appellant.

*F. G. Fincke,* for the respondent.

WILLIAMS, J.:

The judgment should be reversed and a new trial granted, with costs to abide event.

The action is to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant. The defendant for many years prior to and at the time of the accident owned and operated a large cotton mill, and the plaintiff was an employee in the mill operating mules as a spinner. At the time of the accident there were six pairs of mules being operated in the room where plaintiff was employed. Each operator looked after one pair of mules. The pair stood facing each other, and there was an alley between them up and down which the operator worked, a distance of ninety feet, and looked after 1,512 spindles. The plaintiff's mules were upon one side of the room, and another pair oppo-

site was operated by one Hoffman. The other four pairs of mules were along down the room. The power for the mules was furnished by a horizontal belt running from the main shaft along over the mules to a counter shaft, and then the power was carried from this counter shaft to each pair of mules by vertical belts. The accident occurred by reason of the parting of the horizontal belt over the Hoffman pair of mules, at the place where the ends of the belt were joined together by means of metallic fasteners known as the Jenks hooks. One of the hooks flew a distance of sixty feet, struck the plaintiff in the head, and injured him quite seriously. The plaintiff was at the time of the accident engaged in operating his pair of mules, and it is not suggested that he was guilty of any contributory negligence. It is claimed by plaintiff that the defendant was negligent in furnishing and permitting the use of the metallic hooks, and by the defendant that plaintiff assumed the risk of the use of the hooks. The trial court put its decision upon the ground of assumed risk, but the defendant here seeks to uphold the decision on both grounds.

The belts, when they came to the mill new, had their ends fastened together with cement. When in use the ends would become unfastened at times. They could be repaired by recementing, by the use of leather strings or by metallic fasteners. Among the latter there were the Jenks hooks and the Talcott fasteners. There was no danger in the use of the cementing process or the leather strings, but a longer time was required to repair the belt in these ways, and when the ends of the belts separated during the day while the mules were being operated, they could be repaired quickly by the use of the metallic fasteners, and little time lost in the operating of the mules. On this account the metallic fasteners were more desirable than the process of cementing or the use of the leather strings. There was, however, a serious element of danger in the use of the metallic fasteners. When the ends of the belt separated the metallic fasteners were liable to fly off with great force and to considerable distances, and might strike the operators and injure them as the one did at the time of this accident. Several practical illustrations of this danger had occurred in defendant's mill prior to the accident in question. In December, 1895, an operator by the name of Brasmley was killed by a metallic fastener

thrown from the end of a belt that separated while in motion. After that for a time the belts were fastened with cement. Then later the metallic fasteners were used again to some extent. On an occasion a short time before this accident a metallic hook was thrown from a parting belt conveying power to mules operated by a man named Hoffman some distance through a double window, and a few days before this accident, another belt parted and one of these metallic hooks was thrown 90 or 100 feet and through a granite iron pail. That was the same belt that parted at the time of this accident. At that time the plaintiff talked with the overseer, Mr. Moore, about the danger from the use of the metallic fasteners. The overseer said they were going to fasten all the belts with cement thereafter, and the belt in question was so fastened and remained in that condition until the day of, and about an hour before, the accident, and plaintiff's belt was cemented also. The Hoffman belt reparted again, and was repaired with the metallic fasteners on the day of the accident, and an hour later it separated again and this accident occurred. Under these circumstances, and considering the knowledge of the defendant of the danger to be apprehended from the use of these metallic fasteners and the practical illustrations thereof furnished in defendant's mill, it cannot be said as a matter of law that in the absence of the assumption of the risk by the plaintiff the defendant was not guilty of negligence in the use of the metallic fastener which caused the plaintiff's injuries, so as to enable the plaintiff to maintain this action. The defendant might save time, in rejoining its belts, by using these fasteners rather than by cementing, but the danger to the operators in the use of the metallic fasteners was also entitled to consideration; and in view of the fact that the evidence on the trial as to the extent of the use of the metallic fasteners in other mills was conflicting we think the question of defendant's negligence was one that the plaintiff had a right to have submitted to the jury, rather than determined by the court as a matter of law. The case of *Harley* v. *B. C. M. Co.* (142 N. Y. 31) is not controlling here. The question there was as to the kind of metallic fastener which should have been used. The question of cementing the belt was not in the case. That case was disposed of upon the evidence there given as to the different kinds of metallic fasteners, their use, safety, etc. The evi-

dence given in this case as to the practical illustrations of the danger in the use of the metallic fasteners distinguishes this case from the *Harley* case. When *Brasmley* v. *Utica Steam Cotton Mills* (25 App. Div. 630) was tried there had been in defendant's mill no practical illustration of the danger from the use of the metallic fasteners as there had been when this accident occurred. We cannot say just what the evidence was in the *Brasmley* case, what ground of negligence was alleged, or what proof was given thereof. Apparently, the question was the same as in the *Harley* case as to different kinds of metallic fasteners rather than between metallic fasteners and cementing or the use of leather strings. The negligence, if any, in the use of metallic fasteners was that of the defendant and not a coservant of plaintiff. The defendant furnished these fasteners and permitted them to be used. If they were negligently furnished and used the defendant was itself responsible for such use. The negligence consisted not in the *manner* of the use, or the sufficiency of the number of fasteners used, but in the use of them at *all*.

We are left, therefore, to the consideration of the question of *assumed risk*, the ground upon which the trial court granted the nonsuit. The burden of showing assumed risk was upon defendant (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 472.)

The evidence in this case certainly raised a question of fact for the jury, which, under recent decisions by the Court of Appeals, the court could not take from the jury and decide for itself. The plaintiff testified that his own belt and the Hoffman belt were both cemented, and he was working upon the assumption that no metallic fasteners were used upon these belts, which were the only ones from which he might apprehend danger. He testified that he did not know that the Hoffman belt separated and was repaired an hour before the accident, the metallic fasteners being used. He supposed at the time of the accident that the metallic fasteners were not in use upon either of these belts. If this evidence is to be believed he, of course, assumed no risk of the use of those fasteners. He had a right to have his credibility submitted to and passed upon by the jury. The court could not nonsuit upon the ground that such evidence was not credible, and was not believed by the court. (*Williams* v. *D., L. & W. R. R. Co.*, 155 N. Y. 158.)

The views hereinbefore expressed lead us to conclude that the

judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

All concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law only.