LOWMAN v. PENNSYLVANIA STEEL CO. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Kings County. Action by William Lowman against the Pennsylvania Steel Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. H. Snowden Marshall (Theodor Megaarden, on the brief), for appellant. John F. McIntyre (Edward Weiss, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, J. (dissenting). This is a common-law action brought by servant against master for personal injuries due to negligence. The master was the constructor of a bridge over waters. The servant at the time of the accident had quit work for the day, and was in a tugboat furnished by the master to carry his servants from one place to another for work and to take them from their homes and to them. The tug had gone but a short way from the dock when a plank fell from the bridge and struck the servant, who has recovered a judgment for the injuries thus inflicted. I think that the relation of master and servant continued at the time of this accident. Gillshannon v. Stony Brook Railroad Corporation, 10 Cush. (Mass.) 228, cited in Vick v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36, which also see; Thompson's Comm. on Negligence, § 3751. The plank was one of a number which were to be laid for a temporary flooring of the roadway of the bridge. Thirty of them were placed on a small flat push car 6 feet long and 4 feet wide. Cross-ties 7 feet in length had first been laid on the car, and these planks had been placed upon them. The load was about 2 feet high. Some of the planks were warped, so that the load was not as compact as if all were straight. Four of the defendant's servants unloaded the car, and of them Tinnesberg testifies that they had unloaded about one-third of the planks, when two or three fell off the car. He further testifies that he did not know "who knocked them over," that somehow or another they fell over, and that "there was no one else there to do it except one of us four men." The learned trial court, without objection on the part of the plaintiff, submitted to the jury the sole question of the omission of the defendant to place stanchions on the car. The master is bound to furnish only such a machine or appliance as is reasonably safe and proper, inasmuch as he is liable, not for error of judgment but for negligence. Harley v. Buffalo Car Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Burns v. Old Sterling I. & M. Co., 188 N. Y. 175, 80 N. E. 927; Quigley v. Levering, 167 N. Y. 58, 60 N. E. 276, 54 L. R. A. 62. I think that the evidence for the plaintiff did not justify a conclusion of negligence in the omission to provide stanchions for the car. The plaintiff called but a single witness upon this question. He had been engaged for 16 years in bridge and structural iron work, and was in his own words an "all around man"

in bridge structural work, who had worked for different employers. His testimony is to the effect that he had seen in use some of such cars in some of his employments, which were equipped with stanchions. To meet this testimony, the defendant called five witnesses, of whom but one was its employé, a though another had once worked for it. These witnesses appear as men of affairs and of wide experience. Their testimony is to the effect that such cars were not supplied with stanchions, and that the car in question was like unto that kind almost universally used in like work by other constructors of standing and of importance. I think that the judgment and order should be reversed, and that a new trial should be granted; costs to abide the event.

CARR, J., concurs.