MONIQUE JEAN, Respondent, *v.* ALGONQUIN HOTEL COMPANY, Appellant, Impleaded with FRANK M. CASE, Defendant.

First Department, November 4, 1938.

*James J. McLoughlin* of counsel [*Robert F. White* with him on the brief; *John J. Kirwan*, attorney], for the appellant.

*Arthur E. Farmer* of counsel [*Benjamin H. Stern* with him on the brief; *Stern & Reubens*, attorneys], for the respondent.

TOWNLEY, J.   This action was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff when she fell at the entrance of the Algonquin Hotel, in the city of New York, on December 22, 1934.   Plaintiff won a substantial verdict, but two errors arising during the conduct of the case require a reversal and a new trial.

The court allowed an expert witness to testify that the maintenance of a steel plate in the condition in which he saw it was not considered good practice in the industry.   The testimony ran as follows:

" Q. Now, is it, according to that practice, good practice to maintain a steel plate in the condition in which you saw it at the entrance to the Hotel Algonquin, as in the position —

" Is it good practice, is it considered good practice in the industry to maintain a steel plate in the condition in which you saw it as a plate in the entranceway or a saddle in the entranceway to a public building?

" Mr. Dwyer: I object to the question.

" The Court: What is the ground of the objection?

" Mr. Dwyer: I object to it on the ground that whether or not it is accepted in the practice, in building, as good practice is not what we are concerned with here.   He is talking about maintenance.

" The jury has received all the testimony as to how it was and how it looked.   It is a question for the jury to say whether or not it was or was not maintained properly.   Consequently, any practice or custom in the industry itself is immaterial and irrelevant.

" Mr. Farmer: The jury, your Honor, may have the benefit of expert testimony as to practical engineering considerations.   The final question as to whether or not there was negligence is for the jury, there is no doubt of that.

" The Court: I will overrule the objection.

" Mr. Dwyer: Exception.

" Q. Will you answer that question?   A. No, it is not."

The steel plate obviously had been worn by use.   Whether the use of this worn plate in that location was that of a reasonably prudent man was the question which the jury had to determine.

Expert opinion was neither necessary nor proper. The rule has long been established that in such cases the question of whether the use of such a plate is negligent must be decided by the jury. (*Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *People* v. *Polstein*, 184 App. Div. 260; affd., 226 N. Y. 593; *Nelson* v. *Young*, 91 App. Div. 457.)

The second error involves the receiving over objection of hearsay testimony as to the place where the accident happened. The witness Greenburger was allowed to testify that the manager of the hotel had told him where the accident happened although the manager himself was not a witness to the accident and knew nothing about it other than what had been reported to him by others who had witnessed the accident. The testimony was: " And I asked him [the manager], ' Well, where did it happen? ' and he said he was told that it happened on the plate, the plate on which we were standing."

This question of the locus of the accident was one of the important issues in the case. The hearsay testimony necessarily was highly prejudicial and affected the result.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.