JOSEPH M. D'ARCY, Appellant, *v.* THE LONG ISLAND RAILROAD
COMPANY, Respondent.

*Negligence — fall of an iron plank between a car and a station platform — liability
of the railroad company for an injury occasioned thereby to an employee.*

A railroad company which has provided an iron plank of sufficient length, width
and strength to facilitate the unloading of freight from a car to a station plat-
form, is not liable for injuries sustained by an employee who, while stepping
thereon preparatory to assisting in the work, is injured in consequence of the
plank falling to the ground between the car and the platform, simply because,
as he alleged, it was not supplied with hooks or other fastenings which would
prevent it from slipping from its place, although it is shown that the plank
had fallen on other occasions.

APPEAL by the plaintiff, Joseph M. D'Arcy, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Kings on the 16th day of April, 1898,
upon the dismissal of his complaint by direction of the court after a
trial at the Kings County Trial Term.

*William F. Goldbeck,* for the appellant.

*William J. Kelly,* for the respondent.

WOODWARD, J.:

This was an action for personal injuries sustained by the plaintiff
while employed in assisting to unload a car of the defendant rail-
road company. He was regularly employed as a helper on one of
the defendant's express wagons, but on the day of the accident he
had completed his day's work and was, according to his testimony,
waiting for orders, when he was called upon to assist in unloading a
car which was standing at the station platform. Two other men
were at the time engaged in the work of removing the freight,
using ordinary hand trucks, and passing over an iron plate or plank
in going to and from the car to the platform. Just as the plaintiff
was about to commence his labors he stepped upon this plank or
iron plate, which fell to the ground between the platform and the
car, carrying the plaintiff with it and severely injuring his foot.

The trial court dismissed the complaint upon the grounds that
"A plank is one of the commonest things in the world, as we all

know, and it is not customary to fasten planks at the ends either. I cannot see any case here, and I dismiss the complaint." The plaintiff excepted to the rulings of the court, and, upon appeal, urges that the iron plate was not a plank, but a bridge, and that it was the duty of the defendant to have made the bridge secure by means of some kind of a fastening, so that it could not fall. There was some evidence in the case that this plank, or iron plate, had fallen on two other occasions, but we are unable to see that this had any bearing upon the question. The master "is not bound to furnish the best known appliances, but only such as are reasonably fit and safe. He satisfies the requirements of the law if, in the selection of machinery and appliances, he uses that degree of care which a man of ordinary prudence would use, having regard to his own safety, if he were supplying them for his own personal use. It is culpable negligence which makes the master liable, not a mere error of judgment." (*Harley* v. *B. C. M. Co.*, 142 N. Y. 31.) This rule was considered and applied in the case of *Marsh* v. *Chickering* (101 N. Y. 396), where the plaintiff sought to recover damages because of the fact that his employer had not furnished a ladder fitted with hooks and spikes, instead of an ordinary ladder, for the purpose of lighting lamps. After stating the general rule, that the master is assumed to know the requirements for the work to be performed better than the servant, the court say: "In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery is used, and no materials furnished, the use of which requires the exercise of great skill and care, it can scarcely be claimed that a defective instrument or tool furnished by the master, of which the employee has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment, and who uses the ordinary tools employed in such work to which he is accustomed, and in regard to which he has perfect knowledge, can hardly be said to have a claim against his employer for negligence, if in using a utensil, which he knows to be defective, he is accidentally injured." In the case at bar there is no suggestion that the plank was defective in the sense that it was

not strong enough, or wide enough, or long enough for the purpose for which it was used, but simply because it was not supplied with hooks or other fastenings which would make it impossible for the plank to slip from its place. As was said in the case of *Marsh* v. *Chickering* (*supra*), "It might, perhaps, have been more perfect if it had had hooks and spikes, but this improvement was not absolutely essential to relieve the defendants from liability. It was enough that it was reasonably safe and suitable within the rule cited, and under such circumstances an action will not lie."

The judgment of the trial court should be affirmed, with costs.

GOODRICH, P. J., concurred in result.

Judgment unanimously affirmed, with costs.