JOHN BROWN, Respondent, *v.* BLANCHE REALTY COMPANY, Appellant.

First Department, February 4, 1921.

Master and servant — negligence — injury to janitor and superintendent from fall of dumbwaiter — when error to charge as to failure to furnish safe place to work and sound and suitable appliances — duty of employer not absolute.

In an action by a janitor and superintendent against his employer for injuries sustained by the falling of a dumbwaiter caused by the breaking of the rope by which it was operated in which the only basis for liability shown by the evidence was negligence in failing to inspect and repair, it was error for the court to charge the jury that the defendant owed to the plaintiff the duty to furnish a safe place to work and sound and suitable appliances, for the first theory of liability was not applicable to the case and there was no evidence that the dumbwaiter was not properly constructed originally or that the rope when furnished was not suitable for the purpose.

Moreover, the court erroneously instructed the jury that the duty of the employer with respect to furnishing a safe place and sound and suitable appliances was absolute.

APPEAL by the defendant, Blanche Realty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York

on the 1st day of March, 1920, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 19th day of February, 1920, denying defendant's motion for a new trial made upon the minutes.

*Frank J. O'Neill* of counsel [*Barent L. Visscher* with him on the brief], for the appellant.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief; *Speiser & Speiser*, attorneys], for the respondent.

Laughlin, J.:

Defendant owned the premises known as No. 17 West One Hundred and Thirty-sixth street, borough of Manhattan, New York, and the plaintiff was in his employ as janitor and superintendent thereof, and on the 5th day of August, 1914, while in the basement attempting to pull a dumbwaiter down for the purpose of collecting garbage, sustained injuries by the falling of the dumbwaiter, and this action is brought to recover his damages. On a former trial plaintiff had a verdict, but this court reversed the judgment on the ground that he failed to show the cause of the accident. (184 App. Div. 33.) On that trial it was merely shown that the dumbwaiter stuck at the second floor and that the rope by which it was operated and from which was suspended a weight, was somewhat worn and frayed; but it did not appear that the rope broke or that the dumbwaiter was otherwise out of order than might be inferred from the mere fact that it stuck. On the new trial it was shown that the rope broke near the eye where it was attached to the weight and that it had been so worn before the accident that it was held only by a few strands; and also that the dumbwaiter ran in grooves or tracks and that at times it left the tracks or grooves and became stuck and that the defendant had notice thereof a sufficient length of time before the accident to enable it in the exercise of due diligence to make the necessary repairs before the accident and that it failed to perform its duty in that regard. A cause of action was shown and the recovery could be sustained were it not for an error in the charge to which an exception was duly taken by the defendant which error the court was led to repeat by a request for instructions to the jury by one of the

attorneys for the plaintiff. In the charge in chief the court instructed the jury that the plaintiff brought the action on the theory that as an employee of the defendant he did not receive the consideration to which he was entitled from the defendant by reason of his employment, and that the law of our State is clear " that an employer is bound to furnish certain materials when calling upon an employee to do certain work. In other words, the employer, the defendant, was required under our laws to have furnished the plaintiff a safe place, so that the work that he was engaged in could be done without injury to himself, the plaintiff." The court then stated the contentions of the respective parties and instructed the jury that the important question for them to determine was what was the condition of the dumbwaiter, and that if it merely slipped and the plaintiff was injured, defendant was not liable, and that the plaintiff's theory was that owing to age and the extent to which the rope had been used it was in such poor condition that it broke. The jury were then instructed that the defendant could only be held liable on the theory of actual or constructive notice of the condition claimed to exist, and further instructed with respect to what constituted actual and constructive notice. Counsel for the defendant duly excepted to that part of the charge in which the court stated " that the employer was required to have furnished a safe place to the plaintiff so that the work engaged in could be done without injury to himself." On the attention of the court being thus drawn to the charge, no modification of the charge was made. The last instructions given to the jury were in charging a request made by one of the attorneys for the plaintiff " that the master, namely, the defendant, owed to the plaintiff the duty to furnish safe place to work, sound and suitable appliances with which to work and is bound to inspect and examine these things from time to time and use ordinary care to discover and repair defects in them." Defendant likewise duly excepted to those instructions and they were left without any modification. Both the court and the attorney for the plaintiff thus injected into the case one theory of liability not applicable to the case and another on which there was no evidence. The doctrine of safe place plainly was inapplicable to these

facts; and there was no evidence that the dumbwaiter was not properly constructed originally or that the rope when furnished was not suitable for the purpose. The only basis for liability shown by the evidence was negligence in failing to inspect and repair. Moreover, the court thus erroneously instructed the jury that the duty of the employer with respect to furnishing a safe place and sound and suitable appliances was absolute, whereas it is well settled that the duty in this regard is merely to exercise reasonable care. (*Maue* v. *Erie R. R. Co.*, 198 N. Y. 221; *Harley* v. *Buffalo Car Mfg. Co.*, 142 id. 31; *Quinlivan* v. *Buffalo, R. & P. R. Co.*, 52 App. Div. 1; *Smidt* v. *Buffalo Cold Storage Co.*, 158 id. 778.)

It is to be regretted that in a simple action for negligence such as this, it becomes necessary to have a third trial, but we cannot say that these errors were not prejudicial to the defendant. It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.